## N. Y. COMMON PLEAS.

ANN DONNELLY, administratrix, &c., plaintiff and respondent, agt. EDWARD O. JENKINS *et al.*, defendants and appellants.

*Negligence — when tenants of building not liable for accident occurring to party by walking into elevator, and falling to ground floor — Contributive negligence.*

Where there is an elevator in the hallway of premises used by different tenants in common, which is inclosed, and has doors opening into the hallway on the first floor, upon which doors there are bolts for the purpose of fastening them, and a servant of a third person, lawfully on the premises, delivering goods to one of the tenants of the upper floors, mistakes the elevator for the stairs and walks into it, and falls through the aperture to the ground floor, receiving injuries which result in his death:

*Held*, in an action brought by his administratrix, that, as the elevator was properly constructed and properly protected, the tenants on

Donnelly agt. Jenkins *et al.*

one floor are not liable for the negligent manner of use of the hatch-way by the tenants on one of the other floors, and there being no affirm-ative proof showing specific acts of negligence on the part of any particular tenant, neither of the several tenants is liable, either severally or jointly with the others, for injuries resulting from such accidents.

*General Term, January*, 1880.

In February, 1873, the defendants were tenants of the building 233 William street, New York city.

The defendants, Dunham & Russell, were bookbinders, and tenants on the floor above the street. The defendant Jenkins was a printer, and tenant of the upper floors.

There was an elevator in the hallway of these premises, which was used by the tenants in common, and which was encased and had doors opening into the hallway, on the first floor, upon which were bolts for the purpose of fastening them shut.

On the 23d of February, 1873, John Donnelly, who was in the employ of the New York Printing Company, as their servant, came to deliver goods to Dunham & Russell, and, in some way, fell through the elevator hatchway into the lower floor, and was so injured that he subsequently died.

No one saw the deceased enter the building, or fall through the hatchway. Just at one side of the elevator is a stairway, which is partially concealed when the doors leading to the elevator are open, and it seems to be probable that the ele-vator doors had been left open, and the deceased, mistaking the elevator for the stairs, walked into it and fell through. This action is brought by the administratrix of the deceased against Dunham & Russell and Edward O. Jenkins, to recover damages, &c.

*Theo. F. Miller*, for defendants Dunham & Russell.

*Wm. H. Arnoux*, for defendant Jenkins.

*Geo. H. Hart*, for plaintiff.

VAN BRUNT, *J.* — We cannot hold, under the evidence in this case, that the maintenance of this elevator in the building was, in itself, a nuisance. The evidence shows that the elevator was properly inclosed, and that it was provided with doors which were to be kept shut when the elevator was not in use, and which were a reasonably effectual protection against accidents ; and if, under the circumstances of this case, the deceased opened the door of this elevator before he fell through it he undoubtedly was guilty of contributive negligence. If the doors were shut the stairs were in full sight, and he knew of the fact of an elevator being there as he had been upon the premises for the delivery of goods some three times before. If, however, the elevator door was left open it partially concealed the stairs, and the deceased may have naturally made the mistake in supposing that the door to the elevator was the door to the stairway. In such a case the negligence by which the deceased lost his life would be the leaving the door of the elevator open. It seems to be reasonably clear that as the elevator was properly constructed and properly protected for accidents arising from negligent use, the defendants Dunham & Russell would not be liable for the negligent use of the hatchway by Jenkins, and *vice versa.* In the case of *Totten* agt. *Phipps* (52 *N. Y.*, 354) the defendants had entire and exclusive charge of the trap-door, and had been accustomed to shut it down in the evening. The deceased was a tenant of the upper floors, and had an easement over the hallway in which this trap-door was situated. In the night going to his premises, the trap door being left open, the deceased fell through and was killed. The court held that the deceased had a right to assume that the trap-door was, as usual, closed, and that going upon the premises, as he had a right to do, at night, he was not guilty of negligence in acting upon that assumption, and that the defendants were guilty of negligence in leaving the trap-door open.

That case is distinguishable from the one at bar, in the fact that, in the case cited, the defendants, who were members of

one firm, had exclusive control of the trap-door, as it was used only by them, and, if it was left open, it must have been so left by them; whereas, in the case at bar, Dunham & Russell and Jenkins are different parties, the one in no way liable for the negligence of the other. If Dunham & Russell left that elevator door open, then they alone are liable, and if Jenkins left that door open, then he alone is liable. There being no evidence in this case by whom the door was left open, I am unable to see how the jury could be allowed to speculate and fix a liability upon either or all of the defendants, as their fancy might dictate.

If either of these defendants used that elevator exclusively, then, if this door was left open, we might legitimately infer that it had been left open by such defendants. In the absence of all proof upon the subject, I am unable to see how we can say that this or that defendant was guilty of negligence. I am of the opinion, therefore, that there was no evidence showing the defendants guilty of negligence, and the judgment must be reversed, and a new trial ordered, with costs to abide event.

C. P. DALY, chief justice, concurred.