Samuel McRickard, Respondent, *v.* George C. Flint et al., Appellants.

The omission of an owner of a building in the city of New York used for business purposes, in which there is a hoisting elevator, to comply with the requirements of the statute of 1874 (Chap. 547, Laws of 1874), requiring that the openings in each floor shall be protected by such a substantial railing, and trap-doors to close the same, as shall be approved by the superintendent of buildings, and that such trap-doors shall be closed at all times, except when in actual use, is *prima facie* evidence of negligence, in an action by one lawfully upon the premises who has sustained injury in consequence of a failure to comply with the statute.

The exercise of the duty imposed by the statute is not dependent upon the action of the superintendent of buildings. The owner may not properly delay compliance until he shall receive directions, but it is incumbent upon him to call upon the officer for directions and approval.

In such an action it appeared that plaintiff went to the building to see one of the defendants. He was directed to another building in the rear; not finding the defendant there he returned to the building and seeing a folding door, one-half of which was partly open, entered. It was not the usual place of entry into the building. About nineteen inches from the door-sill was an open elevator hatchway, into which he fell and was injured. Plaintiff testified that he supposed this was the main entrance; that the hatchway was not within his view when he went on to the step before the door; that as he entered he saw the saddle of the door-sill and the floor, and supposed the latter was continuous; that he then raised his eyes and glanced into the sales-room through a glass partition; that he saw no elevator shafting, and that the door obscured the opening and he did not see it. *Held*, that the failure of plaintiff to stop and look around him when he entered did not, as matter of law, charge him with contributory negligence; and that the question as to such negligence was properly submitted to the jury.

Also *held*, that, for the purpose of showing that drawings or diagrams of the buildings presented by defendants on the trial did not correctly show the situation at the time of the accident, it was competent for plaintiff to prove that changes had been made since that time.

Reported on former appeal, 97 N. Y. 641.

Reported below, 13 Daly, 541.

(Argued April 16, 1889; decided April 23, 1889.)

Appeal from judgment of the Court of Common Pleas, in and for the county of New York, entered upon an order made

June 7, 1886, which affirmed a judgment in favor of plaintiff entered upon a verdict.

This action was brought to recover damages for personal injuries alleged to have been caused by defendants' negligence.

The material facts are stated in the opinion.

*George H. Adams* for appellants. Plaintiff was, at most, a mere licensee on defendants' premises; the duty of defendants toward plaintiff, as to its freight elevators, grows out of circumstances independently of any question of license to plaintiff to enter the premises; and in such a case as this there are no circumstances creating a duty on defendants' part to keep the freight elevators in any special condition, and consequently no obligation on defendants to remunerate plaintiff for his injuries. (*Larmore* v. *Crown Point Iron Co.*, 101 N. Y. 391, 395.) The mere fact that an injury occurs on premises under the control and in the possession of a party raises no presumption of wrong against him. (*Harris* v. *Perry*, 89 N. Y. 314.) The burden of proof rests primarily upon the party injured, and it is part of complainant's case to show affirmatively that his own carelessness did not contribute to the injury. (*Splittorf* v. *State*, 108 N. Y. 205, 216; *Homer* v. *Everett*, 15 J. & S. 298; 91 N. Y. 64; *O'Mara* v. *D. & H. C. Co.*, 18 Hun, 192; *Cordell* v. *N. Y. C. & H. R. R. R. Co.*, 75 N. Y. 332; *Reynolds* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 248; *Totten* v. *Phipps*, 52 id. 354; *Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 id. 420; *Tolman* v. *S. B. & N. Y. R. R. Co.*, 98 id. 198.) The motions to strike out the testimony of plaintiff and of the witness Schroeder which showed changes in the premises made after the time of the accident, and that the premises at the time of the trial were different from their condition at the time of the accident, should have been granted. (*Corcoran* v. *Village of Peekskill*, 108 N. Y. 151; *Payne* v. *T., etc., R. R.*, 9 Hun, 226; *Dougan* v. *Champlain Co.*, 56 N. Y. 1; *Dale* v. *D., L. & W. Co.*, 73 id. 468.)

*Christopher Fine* for respondent. The question as to whether the plaintiff was guilty of contributory negligence

was one of fact to be submitted to, and determined by, the jury. (*McRickard* v. *Flint*, 97 N. Y. 641.) Where a trial has been before a jury, and a general verdict has been rendered, the Court of Appeals can deal only with questions of law, upon exceptions duly taken, and has no power to review the findings of fact by the jury. (*Oldfield* v. *N. Y. & H. R. R. Co.*, 14 N. Y. 310; *Standard Oil Co.* v. *Amazon Ins. Co.*, 79 id. 506; *Strong* v. *B. & A. R. R. Co.*, 58 id. 56, 60; *Hynes* v. *McDermott*, 91 id. 451; *Hageman* v. *H. L. & I. Co.*, 50 id. 53, 55; *Hamilton* v. *T. A. R. R. Co.*, 53 id. 25; *T. A. R. R. Co.* v. *Ebling*, 100 id. 98, 100, 101.) The defendants were guilty of negligence, not only as matter of fact as found by the jury, but also as matter of law in failing to comply with the Laws of 1871 (Chap. 625, § 16); Laws of 1874 (Chap. 547, § 5). (1 Bliss O. & W. Special Laws, 533, 534, 543; *Willey* v. *Mulledy*, 78 N. Y. 310, 313, 316; Wharton on Neg. § 443; *McGrath* v. *N. Y., etc., R. R. Co.*, 63 N. Y. 522; *Massoth* v. *D. & H. C. Co.*, 64 id. 524; *Bartlett Co.* v. *Roach*, 68 Ill. 174; *Sheppard* v. *B. R. Co.*, 35 N. Y. 641; *Wilson* v. *S. T. Co.*, 21 Barb. 68.) This court correctly held, when the cause was first before them, that the plaintiff was not guilty of negligence, as matter of law, and that it was for the jury, solely, to determine whether, as matter of fact, the plaintiff was guilty of contributory negligence, and that question the jury, on the second trial, has properly found, as well as all the other issues of fact, in favor of the plaintiff. (*Gordon* v. *G. S. & N. R. R. Co.*, 40 Barb. 546, 550; *Dickerson* v. *Port Huron*, 29 Alb. L. J. 498; *Loucks* v. *Chicago*, Id. 496; *Ernst* v. *H. R. R. R. Co.* 35 N. Y. 9–28; *Evans* v. *City of Utica*, 69 id. 166–169; *Jamison* v. *S. J. & S. C. R. R. Co.*, 11 Rep. 217, 218.) The plaintiff had a right to assume that the defendants' statutory duty had been performed, and regulate his own conduct accordingly. (*Willey* v. *Mulledy*, 78 N. Y. 310, 315; *Terry* v. *Jewett*, id. 338, 344; *Erwin* v. *N. S. Co.* 11 N. Y. Week. Dig. 347; 88 N. Y. 184; *Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 451.) The law did not even exact from the plaintiff, upon the facts, cir-

cumstances and surroundings, an unusual or extraordinary degree of care, and he is entitled to recover, even though the case might have admitted of even a higher degree of care on his part   (*Faro* v. *B. O. S. L. R. R. Co.*, 22 N. Y. 213, 216; *Cook* v. *N. Y. C. & H. R. R. R. Co.*, 3 Keyes, 476, 479.)   The fact, too, that the plaintiff's mind was legitimately, naturally and lawfully occupied to a great extent, in looking after, and for Mr. Hand, with whom he was there to transact business, was a fact competent to go to the jury on the question of contributory negligence.) (*Eckert* v. *L. I. R. R. Co.*, 57 Barb. 555, 559, 560; *Driscoll* v. *Mayor*, etc., 4 N. Y. Week. Dig. 461; *Wasmer* v. *D. L. & W. R. R. Co.*, 80 N. Y. 212; *Rexton* v. *Starin*, 73 id. 601, 602.) Defendants' objection to plaintiff's evidence, as to wherein the diagrams were inaccurate, was not taken in time.   It should have been to the question, not to a refusal to strike out a part of the answer, or, even if the testimony had been improper or irresponsive, the court should even then have been asked to charge the jury to disregard it.   That not having been done there was complete waiver. (Baylie's Trial Pr. 200, 201; *Platnor* v. *Platnor*, 78 N. Y. 90, 101, 102: *Briggs* v. *Waldron*, 83 id. 582, 585, 586; *Bradner* v. *Strong*, 89 id. 299, 307.)   Defendants were, as matter of law, guilty of negligence in not having complied with the statutes. ( *Willey* v. *Mulledy*, 78 N. Y. 310, 313, 314, 316; *McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 63 id. 522; *Massoth* v. *D. & H. C. Co.*, 64 id. 524; *Sheppard* v. *B.*, etc., *Co.*, 35 id. 641; *Wilson* v. *Susquehanna*, etc., *Co.*, 21 Barb. 68; *Bartlett Co.* v. *Roach*, 68 Ill. 174.)

BRADLEY, J.   On February 4, 1880, the plaintiff entered the defendants' building and place of business on West Fourteenth street in the city of New York, and fell into an uncovered elevator hatchway and was injured.   He claims that such injury was occasioned wholly by the negligence of the defendants.   This building was a manufactory of the defendants, and the elevator was there for the purpose of their business.

The principal ground of the alleged negligence of the defendants is that they had failed to comply with the statute, which provided that " In any store or building in the city of New York in which there shall exist or be placed any hoisting elevator or well hole the openings thereof, through and upon each floor of said building, shall be provided with and protected by a substantial railing and such good and sufficient trap-doors, with which to close the same, as may be directed and approved by the superintendent of buildings ; and such trap-door shall be kept closed at all times except when in actual use by the occupant or occupants of the building having the use and control of the same, " etc. (Laws of 1874, chap. 547, § 5.)

There was no railing or any obstruction in the way of approach to this elevator shaft from the front door opposite to it, and although the evidence tends to prove that the elevator was not in actual use at the time the plaintiff so entered and fell, there was no trap-door over the hole. The exercise of the duty imposed upon the defendants by this statute, was not dependent upon any action of the superintendent of buildings. They could not properly delay for him to direct, but it was for them to call on him for direction and approval in that respect. ( *Willey* v. *Mulledy*, 78 N. Y. 310.)

The situation had been the same for several years, and it does not appear that any direction or approval of that official had been obtained from or given by him. The failure to perform a duty imposed by statute, where, as the consequence, an injury results to another is evidence upon the question of negligence of the party chargeable with such failure. (*Jetter* v. *N. Y. & H. R. R. Co.*, 2 Abb. Ct. App. Dec. 458 ; *McGrath* v. *N. Y. C. & H. R. R. R. Co.*, 63 N. Y. 523 ; *Massoth* v. *D. & H. C. Co.*, 64 id. 524 ; *Willey* v. *Mulledy*, 78 id. 310 ; *Knupfle* v. *Kninckerbocker Ice Co.*, 84 id. 488.) It is not conclusive evidence of negligence. And the question presented here is, whether there was error in the charge of the court to the effect that any one constructing or using an elevator upon his premises is considered as doing so with knowledge of the law in that respect, and if such person fails to

comply with the requirements of the statute he is, *prima facie*, guilty of negligence.   The defendants' counsel excepted to so much of the charge as states that " a failure to comply with the provisions of the law of 1874 is *prima facie* evidence of negligence."   As an abstract proposition there was no error in the charge.   It had reference to the failure to perform the statutory duty, unqualified by any circumstances bearing upon the question, and was not necessarily applied to the present case so as to treat the question of negligence of the defendant as · one of law.   It was a question for the jury, and, upon the request of the defendants' counsel, they were instructed that the plaintiff could not recover unless the jury found that the defendants were negligent in the use of their premises, and that if the condition of the doors and the elevator and its use by the defendants were reasonable, the plaintiff could not recover.   The evidence was such as to justify the conclusion that the defendants were chargeable with negligence.   And they owed to any person who should lawfully go into the building the duty, which the statute imposed upon them, to do him no injury by their negligence in that respect.   That duty they owed to the plaintiff who went to the premises for a legitimate business purpose.   The statute is a salutory one to require the owners or occupants of business places in the city to guard, so far as required by it, against danger of personal injury to those lawfully there and to which they otherwise might be exposed.   Its purpose was to provide against personal peril, and it may be assumed that the legislature was advised that such provision was essential to such protection.   In view of this statute the cases cited upon the question of the defendants' negligence and their duty in that respect, which they owe to others, do not, necessarily, have application to the present case.

But the defendants' negligence alone will not support the plaintiff's recovery.   The burden was with him to show that he was free from negligence.   And if he failed to make it appear that he was without fault in that respect, the plaintiff was not entitled to recover.   It is urged on the part of the

defense that, upon the facts, as presented by the evidence, the plaintiff must, as matter of law, be chargeable with contributory negligence. This, evidently, was the view taken on the first trial, but, on review of that trial, the court held otherwise, and reversed the judgment entered upon dismissal of the complaint and granted a new trial. (97 N. Y. 641.) And the reasons given in the opinion of the court then delivered were, "that the facts proved did not justify the conclusion, as matter of law, that there was contributory negligence on the part of the plaintiff, or that there was such an absence of evidence upon the point that a finding of the jury that the plaintiff was free from contributory negligence could not be allowed to stand." The plaintiff's counsel asserts that the case of his client was, at least, as favorably presented for him by the evidence on the last as on the former trial. While there were some disputed facts, there was but very little conflict in the evidence as to the situation at the time of the accident, and in relation to the circumstances attending it. The plaintiff went to the building to see one of the defendants on business, and entered at the easterly door, and being informed that the defendant was not then there, but might be in the shipping department, which was adjacent and on the west of the building, the plaintiff went out of the westerly door on to the sidewalk and thence to the place mentioned. Not finding the defendant there he proceeded to return to and into the building in which he first sought the defendant, and seeing a door partly open he entered there and stepped into the open elevator hatchway, the depth of which was about twelve feet. The door was between the easterly and westerly doors before mentioned of the building, and in going to it the plaintiff passed the westerly one. At the place where he then entered was a folding door. It was not the usual place of entry into the building, and that door was usually kept closed during the day, except when open for the purposes of access to the elevator from the street. In front of this door was one step from the walk, and the next was the threshhold or saddle of the door-sill, and from the center of the latter to the elevator shaft was one foot and seven

inches, and from the outer edge of the first step was less than three feet, so that after the plaintiff had stepped onto the door-sill his next step may have taken him into the shaft. When he approached the door he was going east. The east half of the folding door was partly open, and he pushed it open some further when he entered. There was no warning notice there. The folding door was of solid wood and of considerable height, and above it was a glass window. This was between twelve and one o'clock in the afternoon, and within the room it was light. If the plaintiff had stopped and looked about when he entered the door, he evidently could have seen the situation. Because he failed to do this it is contended that he was necessarily chargeable with contributory negligence. The plaintiff probably did not stop after he proceeded to enter. He says he supposed this was the main entrance of the building; that the hatchway was not within his view when he went onto the step; that as he entered he saw the saddle of the door-sill and floor, and supposed the latter was continuous; that he then raised his eyes and glanced into the store-room and sales-room through a glass partition, and that, although it was light there, he saw no elevator shafting, and that the door obscured the hole, but exposed sufficient flooring to satisfy him that it was continuous. These are mainly the circumstances of the occurrence as represented by the evidence. It was the duty of the plaintiff, to exercise reasonable care, and to take observation of that which was apparent to view as he proceeded. But what is due care and diligence depends upon circumstances. The same precautionary means requisite to relieve a party from the charge of negligence when he approaches known places of danger, or places where danger may be apprehended, may not be required of him when he has no occasion to suppose that danger may be encountered. It cannot be said that the plaintiff upon this occasion was required to apprehend that there might be an exposed elevator pit in the place where he entered. The fact that the door was partly opened enabled him to suppose it was a suitable place of entry. So that the question is whether not seeing it was necessarily negligence on his part. That is not so,

unless he was required to stop and take careful observation of the place when he entered upon the threshold and before he proceeded to further enter into the room. . He says he looked, saw no hole, and one step took him into it. This question of contributory negligence may be considered in view of the influences which ordinarily control human action. That is to some extent governed by appearances, and is not always the consequence of failure to exercise the greatest prudence or to make use of the best judgment. Here the plaintiff in stepping into the room, the first step he took after his entry onto the threshold at a partially open door, received the injury from a cause which he had no apparent reason to expect and which he failed to see until too late to avoid the calamity. And the fact that the difference in time between his entrance into the room and his fall was only momentary, is a circumstance bearing upon his opportunity to see the danger and probably may have had some consideration upon the question of contributory negligence. The conclusion of the jury that he was free from that imputation was permitted by the evidence.

While it was not competent for the plaintiff to give evidence for the purpose of proving any changes about the premises made subsequently to the accident, the motion to strike out evidence on that subject was not error, because it was not received for such purpose, but was admitted solely to show, as claimed, that the drawings or diagrams of the premises presented by the defendants on the trial did not correctly represent the situation as it was at the time in question. There seems to have been no error in the rulings at the trial.

The judgment should be affirmed.

All concur.

Judgment affirmed.