## DENTON v. KERNOCHAN.

(*Common Pleas of New York City and County, General Term.*   April 6, 1891.)

NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

> In an action for damages to premises from an overflow of water caused by an open faucet in an upper story, there was no proof as to how or by whom the faucet was left open. There were other occupants of the building besides the defendant, who was merely a technical tenant, having goods stored in the upper story under the care of a hired man. *Held*, that the premises being occupied in common with others, and there was no evidence that they did not have access to the faucet, judgment for plaintiff will be reversed.

Appeal from third district court.

Action by Frederick S. Denton against J. Frederick Kernochan, to recover for damage to plaintiff's goods by an overflow of water. The wrong imputed to defendant is that he "negligently, carelessly, and heedlessly opened and left open a certain faucet appurtenant to his premises, whereby the water flowed through the same into the apartments of the defendant," and occasioned the injury complained of. One Donnell, tenant of the fourth and fifth stories of the building, sold defendant a lot of merchandise there deposited, and defendant agreed to pay the rent until he could dispose of the merchandise. He engaged a man to look after the merchandise, but it does not appear that either defendant or his agent was ever actually on the premises. Several other persons were occupants of the building, and for anything shown to the contrary, any one of them might have opened the faucet. There was a judgment for the plaintiff, and the defendant appeals.

Argued before BISCHOFF, P. J., and PRYOR, J.

*Mitchell & Erlanger*, for appellant. *Leonard Baker*, for respondent.

PRYOR, J.   Assuming, what, however, is questionable upon the facts, that defendant was technically tenant and occupant of the premises, we are nevertheless of the opinion that the evidence is insufficient to fix him with liability for plaintiff's injury. By the form of the complaint, and it could not be otherwise, negligence is the gist of action; and to recover it is incumbent on the plaintiff to show that the negligence of the defendant was the occasion of his injury. The judgments of courts are founded upon proofs, not upon surmise or conjectures; and, to overcome the legal presumption that every man fulfills his obligations, evidence must be produced of the fact of a breach of duty. True it is that one must so use his own as not to injure another; but still it remains to be shown that it was his act that caused the injury. In the case before us no evidence whatever was given as to how the faucet came to be open, or by whom it was opened, or how long it had been opened; all that appears being that a policeman found the water running and the sink overflowed. If the defendant were the only occupant of the rooms, or if he alone had access to the faucet, then possibly a presumption might arise that it was by his act the water was set running. But as other persons occupied the building, and as it is not apparent that they did not have access to the faucet, there is no warrant in the evidence to impute to defendant responsibility for the accident. In *Donnelly* v. *Jenkins*, 9 Daly, 41, the several occupants of a house were sought to be held liable for an injury from a fall through an elevator hatchway; but a verdict for the plaintiff was set aside at general term, the court saying, (page 44:) "If either of these defendants used the elevator exclusively, then, if the door was left open, one might legitimately infer that it was left open by such defendant; but, in the absence of all proof upon the subject, how can we say that this or that defendant was was guilty of the negligence? There was therefore no evidence showing the defendants guilty of the negligence, and the judgment must be reversed." Sufficiently in point is *Moore* v. *Goedel*, 34 N. Y. 527, an action for damages from an overflow of premises occasioned by leaving the faucet open, where it

was said: "The premises being occupied in common, no presumption arises that the overflow was occasioned by the neglect of the defendants." *Robbins* v. *Mount*, 4 Rob. (N. Y.) 553; *Clarke* v. *Anderson*, 2 City Ct. R. 115; *Ross* v. *Fedden*, L. R. 7 Q. B. 661; *Harris* v. *Perry*, 23 Hun, 244, 89 N. Y. 308. Judgment reversed, and new trial, costs to abide the event.