McAdam, J.
— The plaintiff, a drayman, having been injured on May 29, 1890, by falling down a freight elevator shaft at Nos. 10 and 21 Thomas street, this city, brought suit against the New York Eeal-Estate Association, a domestic corporation, which owns the building, and Nathan T. Porter and his copartners, who, under the firm name of Porter Bros. & Co., were lessees of all that part of the building above the store floor. Preceding the accident, one Maxson, an employe of Porter Bros. & Co., raised the elevator up to their floor. While it was there, the plaintiff, seeing the guard chain hung to one side of the entrance, and not stretched across, supposed that the elevator was in its place on the ground floor, and walked in, falling down the well hole into the basement. Maxson testified that at the time he raised the elevator the guard chain was stretched across the elevator entrance, so that no one could get to the shaft. The jury believed this testimony, for they found a verdict in favor of Porter Bros. & Co.; and this finding, being satisfactorily sustained by the evidence, may be accepted as establishing that there was no personal -negligence or liability on their part. It is of no consequence who removed the guard chain, so long as the act is not legally attributable to Porter Bros. & Co., for there is no principle on which they can be held for the tortious negligent acts of strangers. Donnelly v. Jenkins, 58 How. Prac. 252. Since they were not tenants of the first floor, whatever statutory duty may have imposed to provide trap doors for the elevator opening on that floor did not affect them. If they were lessees of the entire building, a different rule might be applicable. Indeed, the theory of the plaintiff’s case against Porter Bros. & Co., as developed by the evidence, is that, if the chain had been stretched across the elevator entrance, the accident would not have happened. Bnt, as the proofs exonerated them from all - neglect of duty in this regard, the action as to them utterly failed.
The jury went further. They brought in a verdict against the New York Eeal-Estate Association, the owner of the building, in the constructive, but not actual, possession thereof; and the serious question presented is whether there is any evidence upon which the asso *409 ciation, as owner and lessor out of possession, can be held liable for the injuries complained of. The existence of the well hole, or the absence of trap doors bn the first floor, was not, in and of itself a nuisance; it could become such only by the operation of some statute. The elevator itself furnished ample safety while resting at the first floor, and, while on the floor below or above, the guard chain, if in proper position, prevented approach to the opening. The plaintiff, to sustain his action against the owner, relies upon the statute which requires that the openings in each floor of such a buildingshall be protected by such a substantial railing, and trap doors to close the same as shall be approved by the superintendent of buildings, and that such trapdoors shall be closed at all times, except when the elevator is in ftctual use. Laws 1871, chap. 625, § 16 , Laws 1874, chap. 547, § 5 ; Laws 1882, chap. 410, § 487 He also invokes what is known as the “-factory act” (Laws 1887, chap. 462), the title and provisions of which, however, show that it has no application whatever to the case. It is undoubtedly true that, where a specific duty is imposed by statute upon an owner or occupant of property, and he fails to perform it, any person who sustains special injury in consequence may maintain an action on the case against the wrongdoer. McAlpin v. Powell, 70 N. Y. 126 ; Willy v. Milledy, 78 N. Y. 310 ; Knupfle v. Ice Co., 84 N. Y. 488, and kindred cases. The duty to provide the trapdoors required by the acts of 1871, 1874, and 1881, supra, is owing to every one who may be lawfully on the premises ; and its fulfillment is not dependent upon the action of the department of buildings or the fire department. McRickard v. Flint, 114 N. Y. 222 ; 23 St. Rep. 100. And, the building having been let to different tenants, the duty imposed fell upon the owner, and not upon the occupants separately or collectively. If the statutory duty had been fully performed, the accident, in all probability, would not have happened; indeed, it might have been made impossible. The jury evidently found that the wrong resulted from the owner’s breach of this duty, and that the neglect was the proximate and responsible cause of what followed. They also found from the evidence, and the inferences to be drawn from it, that the plaintiff was lulled into a sense of security, and was free from any negligence contributing to the injury; and they awarded him $4,000 damages. The verdict is moderate in amount, and the exceptions without merit. It follows that the judgments and orders appealed from must be affirmed, with costs to the respective respondents.