### BAKER v. OTIS ELEVATOR CO.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

1. FIREMAN—INJURY—UNGUARDED ELEVATOR SHAFT—LIABILITY OF OWNER.

A fire broke out in defendant's factory before daylight, and a fireman entering the building through an entrance different from that at which the others had entered fell down a freight elevator shaft and was injured. There was no guard rail on the side from which he approached. It did not appear that he entered by any way which it was reasonable to anticipate he would take, nor that the men who had preceded him had not themselves removed the guard rail and moved the elevator. Held, that the owner of the building was not liable.

Appeal from trial term, Westchester county.

Action by William W. Baker against the Otis Elevator Company. Judgment dismissing plaintiff's complaint at the close of his evidence, and he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

John F. Brennan, for appellant.
Lewis H. Freedman (John Notman, on the brief), for respondent.

WOODWARD, J. The plaintiff seeks to recover damages for injuries sustained by him while engaged in fighting a fire in the defendant's factory in Yonkers, the complaint alleging negligence on the part of the defendant in leaving an elevator well open and without being guarded. The complaint was dismissed at the close of plaintiff's evidence, and appeal comes to this court.

The facts which may be deemed to have been established by the evidence are that on the 1st day of September, 1899, a fire broke out in the factory of the defendant at about 5 o'clock in the morning, and while it was yet dark, the weather being threatening; that an alarm

was sent in from the special alarm box of the defendant; that the plaintiff, who was employed by the city of Yonkers in its fire department as a driver of a hose truck, with others, after blanketing his horses and turning them over to the care of a bystander, entered the building of the defendant by an entrance differing from that at which the engine company's crew had preceded him, and started to go straight through the place, in search, we may assume, of the fire. The place was filled with smoke, and the plaintiff says he could just see a streak of light from the vicinity of the freight elevator where he fell, and while he was thus proceeding, with what he says he thought was great care, he stepped into the elevator well and fell a distance of several feet, sustaining the injuries for which he seeks recovery. The elevator was used for carrying freight, and it appears that while there was a guard rail on one and perhaps on three sides of the same there was none at the side where the plaintiff was approaching, and the contention of the plaintiff is that the defendant owed him the duty of protecting this elevator well. It is not suggested that there was any ordinance of the city of Yonkers which required that elevator wells in factories should be guarded, nor that there is any statute making such guards necessary (Malloy v. Association, 156 N. Y. 205, 212, 50 N. E. 853, 41 L. R. A. 487; McRickard v. Flint, 114 N. Y. 222, 226, 21 N. E. 153), and no rule of the common law suggests itself which would hold a manufacturer liable under the circumstances disclosed by the evidence in this case. While it is true that every manufacturing plant and other combustible building is liable to fires, it cannot be the rule of law in this state that every manufacturer is bound to leave his factory at night in such a condition that no one entering it for the purpose of putting out a fire in the darkness will be liable to encounter dangers. Factories stand for years without fires, and it would be a harsh rule to hold that a manufacturer owed the duty to a fireman to anticipate and guard against any possible accident by a fall through a hole in the floor, or by reason of the machinery not being lighted and guarded.

But in the case now before us it does not appear that the plaintiff entered the building by any way which it was reasonable for the defendant to anticipate any one would enter even for the purpose of putting out a fire, and there is no evidence that the elevator was in the position in which it was left by the defendant and its servants the night before. So far as the evidence discloses, the engine crew, who concededly entered the building ahead of the plaintiff, may have removed the guard rail and may have moved the elevator, leaving the hole open and producing the dangerous condition. The evidence of the plaintiff suggests that the elevator was up above the floor or point from which he fell, but it does not appear that it was in this position at the time the defendant left it the night before. The most that can be said is that the plaintiff fell into a hole which was at the time open and unguarded, but which is not shown to have been in that position prior to the time that plaintiff's fellow laborers in the fire department entered the building. The motion to dismiss the complaint was properly granted, and the judgment appealed from should be affirmed.

Judgment and order affirmed, with costs. All concur.