(83 Misc. Rep. 47.)

OXELOWITCH v. MAYO WAREHOUSE CO.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

1. MASTER AND SERVANT (§ 278*)—ACTIONS FOR INJURIES—QUESTION FOR JURY.
   In an action for the death of an employé, caused by pushing a loaded truck into an open elevator shaft and falling with it, evidence *held* to make a prima facie case of negligence, under Labor Law (Consol. Laws 1909, c. 31) § 200, making employers liable for injuries caused by defects in the ways, works, or machinery connected with or used in the employer's business.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

2. MASTER AND SERVANT (§ 289*)—ACTIONS FOR INJURIES—QUESTION FOR JURY.
   In an action for the death of an employé, caused about one hour after he was employed, by pushing a loaded truck into an open elevator shaft and falling with it, evidence *held* to make a question for the jury as to his contributory negligence.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. § 289.*]

3. MASTER AND SERVANT (§ 278*)—ACTIONS FOR INJURIES—QUESTION FOR JURY.
   In an employé's action for injuries caused by falling down an open elevator shaft, proof of a violation of a municipal building code, providing that when in any building there should be any hoistway, freight elevator, or well hole, the opening through and upon each floor should be provided with and protected by a substantial guard or gate, which should be kept closed at all times, except when in actual use, made a prima facie case of negligence.
   [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954, 956–958, 960–969, 971, 972, 977; Dec. Dig. § 278.*]

Appeal from City Court of New York, Trial Term.

Action by Minnie Oxelowitch, as administratrix of Benjamin Oxelowitch, deceased, against the Mayo Warehouse Company. From a judgment dismissing the complaint at the close of plaintiff's case, and an order denying a new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

Morris & Samuel Meyers, of New York City (Samuel Meyers and Herman Druck, both of New York City, of counsel), for appellant.

Lyman A. Spalding, of New York City (Theodore H. Lord, of New York City, of counsel), for respondent.

PAGE, J.  [1, 2] This is an action to recover damages for the death of one Benjamin Oxelowitch, caused by falling down an elevator shaft. At the trial it was proved that the decedent entered the employ of the defendant on October 30, 1911, and was assigned to the duty of assisting Forman D. Rankin in the work of loading alfalfa upon a hand truck and wheeling it upon a freight elevator on the third floor of the premises, which was a six-story building entirely occupied by the defendant for its business. The decedent was working under Rankin's instructions. Together they loaded one truck and wheeled it upon the elevator. Rankin then took it down on the elevator to the ground floor and returned with an empty truck to the third floor. He and decedent loaded another truck, having left the elevator at the third floor. Rankin says he heard some one move the elevator to the floors above, and told the decedent to wait until he brought it back again to the third floor, whereupon he left the truck full of alfalfa in the decedent's hands and went around to another side of the elevator for the purpose of lowering it. While he was gone the decedent, evidently believing that the elevator was still at his floor, pushed the truck into the open well hole and fell with it to the pit below and was killed. The decedent spoke very little English, and Rankin states that he does not know whether he understood him or not when he told him to wait until the elevator could be brought back to the third floor. The decedent had only been in the defendant's employ about an hour when he was killed, and had no opportunity to become familiar with the elevator and the method of operating it. Rankin admits that he gave the decedent no instructions or warnings as to the danger of the open shaft. It was proved that the elevator was so constructed that any one on any of the other floors could raise or lower it to another floor, unbeknown to those on the floor who might have been using it, and that such was the usual practice in that building. It was also shown that the elevator had no automatic gates, no automatic stops or locks, and no automatic cover or drop board to cover the hole when the elevator was taken up to another floor, and that the shaft had no guard whatsoever, except a small chain which could be stretched across the opening by any one on the floor, and which, as is shown by the photograph placed in evidence by the defendant, was very slack and could hardly have prevented an accident such as the one which occurred to the decedent, had it been in place, which does not appear positively, though there is some evidence that it was.

[3] The plaintiff also placed in evidence section 95 of the Building Code of the city of New York which states:

"In any building in which there shall be any hoistway or freight elevator or well hole, * * * the openings thereof through and upon each floor of said building shall be provided with and protected by a substantial guard or gate and with such good and sufficient trap doors as may be directed and approved by the department of buildings. * * * Such guards or gates shall be kept closed at all times, except when in actual use."

A duly qualified expert on the construction of elevators was called by the plaintiff, who testified that in his opinion the defendant's elevator did not have a substantial guard or gate and did not have a proper and safe protection. The learned trial justice, on motion of the defendant's counsel at the close of the plaintiff's case, dismissed the complaint on the ground that no negligence was established.

This was clearly erroneous. Violation of the duty imposed by section 95 of the Building Code was evidence of the defendant's negligence and establishes a prima facie case. McRickard v. Flint, 114 N. Y. 222, 21 N. E. 153; Racine v. Morris, 201 N. Y. 240, 94 N. E. 864. Furthermore, this action was brought within the provisions of the Employers' Liability Act (Labor Law, § 200 et seq.), and the plaintiff at least made prima facie proof that the injury was due to the negligence of the defendant in supplying an unsafe and improper "way" within the purview of that act.

It is claimed by the respondent that the evidence established contributory negligence on the part of the deceased. I am of the opinion, however, that no contributory negligence as a matter of law was established, and that that question should have been reserved for the jury to determine in view of all the circumstances.

The judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.