NICK LEKOS, Respondent, v. WAPPINGER SAVINGS BANK, Appellant.— In an action for reformation of deed and for damages, on appeal by defendant from a judgment for plaintiff in the sum of $325, judgment unanimously affirmed, with costs. No opinion. Present — Hagarty, Carswell, Johnston, Taylor and Close, JJ.

RUTH F. LEWIS and SAMUEL LEWIS, Respondents, v. BROOKLYN BUS CORPORATION, Appellant, and THE CITY OF NEW YORK, Defendant.— Action for personal injuries suffered by the plaintiff wife while alighting from a bus of the defendant, the claim of negligence being that the defendant had stopped the bus at a point that did not afford the plaintiff a reasonably safe place to alight. Judgment for the plaintiff wife for injuries suffered and for the husband for expenses and loss of services unanimously affirmed, with costs. No opinion. Present — Hagarty, Carswell, Johnston, Taylor and Close, JJ.

JOHN MACKEY, Appellant, v. JUMEL HOLDING COMPANY, INC., Respondent.— In an action to recover damages for personal injuries sustained as the result of a fall through an open trap door situated in the basement of a two-family dwelling, judgment dismissing complaint on the merits unanimously affirmed, with costs. No opinion. Present — Hagarty, Carswell, Johnston, Taylor and Close, JJ.

ANNABELLE MANAHAN, Appellant, v. THOMAS J. MANAHAN, Respondent.— Appeal from so much of an order as denies plaintiff's motion to confirm the report of an official referee recommending an increase of permanent alimony from fifteen dollars to twenty-five dollars a week and denies permanent alimony in that amount. Order modified by striking out such denials and inserting in place thereof provisions which grant the motion to confirm, to increase the alimony from fifteen dollars to twenty-five dollars a week, and to make that award permanent. As so modified, the order, in so far as an appeal is taken, is affirmed, with ten dollars costs and disbursements to appellant. In our opinion, the recommended increase to twenty-five dollars a week should have been granted, in view of the undenied proof that in the first three months of the year 1937 the defendant had earned the sum of $2,444.75 and could reasonably expect continued employment until the first week of June, and thereafter from the middle of November to the end of the calendar year of 1937. Hagarty, Carswell, Johnston, Taylor and Close, JJ., concur.