WILLIAM J. RAGUE, Respondent, v. STATEN ISLAND COACH COMPANY, INC., Appellant.— Action to recover damages for personal injuries. The defendant's bus had partially passed the cab of the plaintiff's truck and had come to a stop. The plaintiff emerged from the cab of his truck close to the side of the bus and was injured when the bus proceeded into the bus stop. Judgment entered on the verdict of a jury in favor of the plaintiff reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs. There was error in instructing the jury on the rule of contributory negligence which would require a new trial; but the case should not have been submitted to the jury because there was no proof of negligence on the part of the defendant. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

ANNA SARINE and WESLEY SARINE, Appellants, v. AMERICAN LUMBERMEN'S MUTUAL CASUALTY COMPANY OF ILLINOIS, Respondent.— In an action to recover from the defendant the amount of an existing judgment rendered against one Charles J. Maher, the assured under a liability and casualty policy issued by defendant, pursuant to section 109 of the Insurance Law, order dismissing the complaint on the merits, and judgment entered in accordance therewith, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ.

HERMIONE B. TOWNER, by Her Guardian ad Litem, ARTHUR HUNTER, Appellant, v. RUTHERFORD H. TOWNER, Respondent.— In an action brought by an incompetent through her guardian *ad litem* for separation on the ground of abandonment and non-support, judgment dismissing the complaint on the merits unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ.

ALMA M. YOUNG and FRED L. YOUNG, Appellants, v. JAMAICA BUSES, INC., Respondent, and CITY OF NEW YORK, Defendant.— In an action by plaintiff-wife to recover damages for personal injuries and by her husband for loss of consortium and expenses, judgment dismissing the complaint at the close of plaintiffs' case reversed on the law and a new trial granted, with costs to appellants to abide the event. The plaintiff-wife, a prospective passenger on the respondent's bus, while standing on the sidewalk at a place designated " Bus stop " signaled the respondent's driver of her intention to board the bus. On other occasions the buses had pulled up to the curb. The driver, instead of pulling in to the curb, stopped his bus in the street, ten feet from the curb, and opened the doors of the bus, thus impliedly inviting the prospective passenger to walk out and board the bus in the street. The roadway between the bus and the curb was covered with ice, smooth in some places and rough and bumpy in other places. While attempting to reach the bus the plaintiff-wife fell and suffered severe injuries. We hold that a question of fact as to the exercise of due care upon the part of the operator of the bus was presented. (Traffic Regulations, Police Department, City of New York, § 77, subd. 3, ¶ (a); *Lewis* v. *Brooklyn Bus Corp.*, 252 App. Div. 875; *Forgion* v. *Travelers Ins. Co.*, 260 id. 1031.) The question of the degree of care to be exercised by the prospective passenger under the circumstances was also for the jury. Lazansky, P. J., Carswell, Johnston, Taylor and Close, JJ., concur.