BLANCHE SCHWARTZ, Appellant, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Respondent.— Plaintiff was about to board defendant's trolley car at a street intersection. She slipped and fell upon some ice which extended from four to five feet from the car track toward the curb and was six feet in width. There was other testimony showing that the ice was hilly and was in existence the day before. There were other places along the track nearby which were free of ice. The complaint was dismissed at the close of plaintiff's case on the ground that the cause of action alleged in the complaint was not proved and that plaintiff was guilty of contributory negligence as a matter of law. The only questions raised by respondent are the liability of defendant and the contributory negligence of plaintiff. The mere fact that plaintiff knew of the existence of the ice is not, of itself, sufficient to charge her with contributory negligence as a matter of law. (*Pomfrey* v. *Village of Saratoga Springs*, 104 N. Y. 459; *Evans* v. *City of Utica*, 69 id. 166; *Bullock* v. *Mayor, etc., of N. Y.*, 99 id. 654; *Williams* v. *City of New York*, 214 id. 259.) It was the duty of the railroad company to furnish plaintiff with a reasonably safe place from which to board the trolley car. (*Keener* v. *Tilton*, 283 N. Y. 454; *Young* v. *Jamaica Buses, Inc.*, 262 App. Div. 860; *Lewis* v. *Brooklyn Bus Corp.*, 252 id. 875; *Engel* v. *Brooklyn & Queens T. Corp.*, Id. 792; *MacKenzie* v. *Union Ry. Co.*, 82 id. 124; affd., 178 N. Y. 638; *Speck* v. *International R. Co.*, 133 App. Div. 802.) As to the negligence of defendant, there was a question of fact. Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. Lazansky, P. J., Carswell, and Johnston, JJ., concur; Hagarty and Adel, JJ., dissent and vote to affirm.