EDMOND CRIMI, Respondent, v. R. H. MACY & Co., INC., Appellant, et al., Defendants.— Plaintiff was injured while employed by a contractor doing painting work on appellant's building. Just prior to the accident he was working on the roof. He desired to go to the floor below to obtain a drink of water. He opened a doorway in a bulkhead on the roof and the daylight through the doorway exposed a descending stairway. Plaintiff entered, descended a few steps, and the door closed behind him, shutting off the daylight. The windows surrounding the stair well had recently been blackened in compliance with air raid blackout regulations. Plaintiff knew this, and had worked on the frames of the same windows. He continued down the stairway until he thought he had reached a platform. He did not allow for the drop in elevation due to the next lower step, fell, and was injured. There was another stairway available which plaintiff had frequently used. Judgment entered on the verdict of a jury in favor of plaintiff, affirmed, with costs. No opinion. Hagarty,

Acting P. J., Carswell, Johnston and Lewis, JJ., concur; Adel, J., dissents and votes to reverse the judgment and to dismiss the complaint on the ground that there is no evidence upon which to make a finding that plaintiff was free from negligence, which is a substantive part of the right to recover.