■ JACK DURANT, Appellant, v. TRANS WORLD AIRLINES, INC., Defendant, and EAST SIDE AIRLINES TERMINAL CORP. et al., Respondents.— Judgment, Supreme Court, New York County entered on June 23, 1971, dismissing the complaint, unanimously modified, on the law, by reversing it as to defendant Carey Transportation, Inc., and granting a new trial as to said defendant with costs to abide the event, and otherwise affirmed, without costs and without disbursements. The trial court erred in dismissing the complaint at the end of plaintiff's case on its ruling that plaintiff's attempt to find his way into the East Side Airlines Terminal Building during the massive power failure on November 9, 1965, constituted contributory negligence as a matter of law. The record establishes that plaintiff was transported from Newark Airport to the East Side Terminal by defendant Carey. The street lights were out; there was a total blackout. In disregard of instructions from his employer, the bus driver discharged his passengers outside of the Terminal on 38th Street instead of inside the Terminal on First Avenue, where makeshift illumination has been provided for that entrance. On this record the jury should have been given the fact question raised by the conduct of the Carey driver in disregarding instructions and discharging plaintiff into the darkened street. Had he followed instructions and discharged his passengers at the lighted First Avenue entrance, this accident may have been avoided. The jury could have found this conduct to have been negligent. (*Young* v. *Jamaica Buses,* 262 App. Div. 860; *Forgion* v. *Travelers Ins. Co.,* 260 App. Div. 1031; *Frazier* v. *Westchester St. Transp. Co.,* 272 App. Div. 819; affd. 297 N. Y. 620; *Lewis* v. *Brooklyn Bus Corp.,* 252 App. Div. 875; *Speck v. International Ry. Co.,* 133 App. Div. 802.) Likewise, plaintiff's conduct under the circumstances was for the jury to pass on. His knowledge that his attempt to find his way in the darkness necessarily involved danger, does not constitute contributory negligence as a matter of law. (See *McRickard* v. *Flint,* 114 N. Y. 222, 230; *Crimi* v. *Macy & Co.,* 268 App. Div. 1043, affd. 294 N. Y. 753.) Plaintiff is entitled to have the jury determine whether his conduct was that of a reasonably prudent person in the circumstances prevailing. (See *Verduce* v. *Board of Higher Educ.,* 9 A D 2d 214, revd. 8 N Y 2d 928.) Concur — Stevens, P. J., Markewich, Nunez, Murphy and Steuer, JJ.