CELIE G. TURNER, Appellant, v. THE CRYSTAL FILM
COMPANY, Respondent.

**Negligence — master and servant — place to work — dangerous situation — questions of negligence for jury — erroneous dismissal of complaint.**

1. Where the place in which the work was to be performed was prepared by the master and furnished by it to the servant and there was a dangerous situation, apparent if any reasonable inspection was given, in an action by the servant to recover for injury the question of defendant's negligence and of plaintiff's contributory negligence should be submitted to the jury.

2. Plaintiff, a moving picture actress, was taken to a wood by her employer and required to stand on a limb of a tree, a few feet from the ground. She was then instructed to drop to the ground and assured that " everything is perfectly safe." On striking the ground her foot came in contact with a partly covered root, resulting in a fracture. *Held*, that in an action to recover for such injury it was error to dismiss the complaint.

*Turner* v. *Crystal Film Co.*, 173 App. Div. 969, reversed.

(Argued December 11, 1918; decided January 7, 1919.)

APPEAL from a judgment, entered May 31, 1916, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John M. Gardner* for appellant. It was the defendant's duty to see that the landing place, where plaintiff was requested to drop by Golden, the superintendent, was made reasonably safe. This was an absolute duty which could not be delegated. (*McGuire* v. *Bell Telephone Co.*, 167 N. Y. 211; *Benzing* v. *Steinway & Sons*, 101 N. Y. 552.) Where, as here, the master gives assurance of safety

he and not the employee assumes the risk. (*Span* v. *Ely*, 8 Hun, 255.)

*Stephen P. Anderton, Edward K. Hanlon* and *Alfred W. Melden* for respondent. The evidence failed to show any negligence on the part of the defendant or Mr. Golden in preparing the ground. (*McGuire* v. *Bell Telephone Co.*, 167 N. Y. 208.) If there was any negligence it was that of Fish and Koch in preparing the ground; and defendant is not liable for their negligence in that detail of the work. (*Citrone* v. *O'Rourke Engineering Co.*, 188 N. Y. 330; *Hahn* v. *C. M. Opera Co.*, 126 App. Div. 815.) Mr. Golden's declarations, testified to by the plaintiff, were mere matters of opinion, and liability on defendant's part cannot be predicated thereon. (*O'Brien* v. *Buffalo Furnace Co.*, 183 N. Y. 317; *Pellegrino* v. *Smith Co.*, 176 App. Div. 930; *Scott* v. *D., L. & W. R. R. Co.*, 148 App. Div. 699.)

ANDREWS, J. This action was brought to recover damages for injuries caused by alleged negligence of the defendant. It resulted in a verdict for the plaintiff for the sum of $4,000. The judgment entered upon this verdict was reversed by the Appellate Division which disapproved of the finding of the jury that the defendant was negligent and the complaint was dismissed. An appeal was then taken by the plaintiff to this court.

On the evidence the jury might have found that the plaintiff was engaged as an actress by the defendant who was making a film for a moving picture. This film was executed under the supervision of a Mr. Golden, the director and general manager of the defendant. The scene being taken was in a wood in the open country. The plaintiff was carried to the spot in an automobile. She was left in the machine while Mr. Golden and others entered the wood to prepare a place for the picture. In

half an hour they returned and told her that they were ready. She was taken to a tree on the outskirts of the wood. The scene required her to stand on a small limb of the tree a few feet from the ground grasping a higher limb with her hands. This she did and the picture was taken. Then Mr. Golden instructed her to hang from the upper limb and to drop to the ground. To these instructions, she replied, " Oh." He then said, " do not be afraid. It is all right. Everything is perfectly safe. We have tested the limb and it is only a short drop at that."

The plaintiff took the required position. Mr. Golden directed her to drop. She did so but on striking the ground her left foot came in contact with a root and the result was a serious fracture of her ankle. This root the plaintiff had not seen before the fall. Just how obvious it was is not clear. The plaintiff describes it as being from one to two inches in diameter. She says it came out from the tree sometimes below and sometimes above the surface of the ground. She says it was not covered with leaves, at least at the point where her foot struck. Later she says that her foot struck the root through the leaves but the fair inference from her whole testimony is that the root was partly covered and partly uncovered. The defendant's witnesses state that the trees of the wood were pine and that there were no leaves on the ground.

Under these circumstances, we do not think that the dismissal of the complaint was justified. There was some evidence from which negligence on the part of the defendant might be inferred. The plaintiff was required by the defendant to drop three or four feet at a point where the jury might say that the accident which actually happened should have been foreseen.

It is not such a case as are those referred to by the respondent where the progress of the work creates the

conditions complained of. Here the place in which the work was to be performed was prepared by the defendant and furnished by it to the plaintiff. There was a dangerous situation which must have been apparent if any reasonable inspection were given. If the plaintiff is to be believed here was no concealed or latent defect but an open one. The question of the defendant's negligence and of the plaintiff's contributory negligence should be submitted to the jury.

As the Appellate Division has reversed the finding as to defendant's negligence, the judgment appealed from must be reversed and a new trial ordered, with costs to abide the event.

HISCOCK, Ch. J., CHASE, COLLIN, CARDOZO and POUND, JJ., concur; CUDDEBACK, J., not voting.

Judgment reversed, etc.