CHRISTIAN CHRISTENSEN, Appellant, v. JAMES S. HANNON, INC., Respondent.

Elevators — action by person injured by fall into elevator shaft in dark place which he entered at invitation of defendant's foreman — contributory negligence of plaintiff — when question for the jury.

1. An implied or express invitation by one who does, or should, know whether it can be safely done, to enter a dangerous place and who has control of it or of the person invited, may excuse the exercise of that degree of care that might otherwise be required. If a reasonably prudent man might rely upon that invitation, it is generally for the jury to say how far his conduct should be affected by it.

2. Where a city ordinance requires elevator shafts, when the platform is not in place, to be guarded by a chain or otherwise, a person entering an elevator in a dark place has the right to rely upon the compliance with such ordinance, and if such person stepping, as he supposed, upon the platform of an elevator falls down the unguarded shaft, it is a question for the jury whether he used sufficient care.

3. Plaintiff, just employed by the foreman of the defendant, was told to enter defendant's stable, which was very dark, and go to a freight elevator in the rear of the building. When plaintiff reached the elevator, which he could see, although dimly lighted from a small window some distance up the shaft, he was told by the foreman to go ahead, and, making no examination to see if the platform was in place but assuming that it was, when in fact it was not nor was the chain before the opening, he stepped forward and fell down the shaft receiving the injuries for which this action is brought. The Appellate Division reversed the judgment for plaintiff, entered upon the verdict of the jury, on the ground that the plaintiff was guilty of contributory negligence. Held, error; that the question of contributory negligence was not one of law. It was a question for the jury whether, under the circumstances, plaintiff exercised reasonable care.

*Christensen* v. *Hannon*, 188 App. Div. 263, modified.

(Argued December 6, 1920; decided December 31, 1920.)

APPEAL from a judgment, entered June 30, 1919, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment

in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William J. Roche* and *George J. McDonnell* for appellant. The plaintiff was not guilty of contributory negligence, as a matter of law, and the question whether he used such reasonable care as an ordinarily prudent person would use, under like circumstances, was one of fact for determination by the jury. (*Hendler* v. *Henig,* 172 App. Div. 506; *McRickard* v. *Flint,* 114 N. Y. 222; *Hillyer* v. *L. S. Stores Co.,* 133 App. Div. 125; *Gray* v. *Siegel-Cooper Co.,* 187 N. Y. 376; *Totten* v. *Phillips,* 52 N. Y. 354; *Kenney* v. *Rhinelander,* 28 App. Div. 246; 163 N. Y. 576; *Brown* v. *Whittner,* 43 App. Div. 145; *Lee* v. *Ingram,* 106 App. Div. 107; *Lendle* v. *Robinson,* 53 App. Div. 140; *Schindler* v. *Welz & Zerbeck,* 145 App. Div. 532; *Phelps* v. *Coyne,* 152 App. Div. 457.)

*J. Arthur Hilton* for respondent. The plaintiff was guilty of contributory negligence as a matter of law and his complaint should have been dismissed at the close of his case. (*Maxwell* v. *Thomas,* 31 App. Div. 546; *Brudie* v. *Renault Freres, etc., Inc.,* 138 App. Div. 112; *Dieboldt* v. *U. S. Baking Co.,* 72 Hun, 403; *Kennedy* v. *Friederich,* 168 N. Y. 379; *Fink* v. *Hartog & Beinhauer Candy Co.,* 112 App. Div. 338; *Bernstein* v. *Mattson,* 10 Daly, 336; *Fogassi* v. *N. Y. C. & H. R. R. R. Co.,* 17 App. Div. 286; *Sparks* v. *Siebrecht,* 19 App. Div. 117; *Rohrbacher* v. *Gillig,* 203 N. Y. 413; *Piper* v. *N. Y. C. & H. R. R. R. Co.* 156 N. Y. 224.)

ANDREWS, J. The evidence of the plaintiff shows that Nos. 445 and 447 West Sixteenth street, New York, were adjoining buildings. No 445 was twenty-five feet wide and one hundred feet deep and was separated from No.

447 on the first floor by a brick partition. Twenty-five feet back from the street there was an opening through this partition of twelve feet. In the front of 445 were solid doors, shut at the time of the accident, and also a window five or six feet wide. Its floor was of dark cement. At the rear was the shaft of a freight elevator extending half way across the floor space. The inside walls of the shaft were of brick and whitewashed. It opened toward the front and across the opening was a chain to guard the entrance. Some distance up the shaft was a small window. This was made obscure by dirt upon the glass. From it and from the window in front came the only daylight that entered except such as was reflected through the opening in the partition from 447. The result was that at seven A. M., of July 11th, 1918, as no artificial lights were burning, it was very dark toward the rear of 445.

The defendant occupied these buildings as a stable. At the time in question its foreman, one Hannon, wished to employ a driver for one of the teams. He saw the plaintiff standing on the street in front and asked him if he wanted to go to work. When the plaintiff assented Hannon said: " Come on inside and we will get a team of horses." The two men then entered 447. Of the interior arrangement of the buildings the plaintiff knew nothing. When inside Hannon again said: " Come along and we will go back and take the elevator upstairs as I want to get a piece of harness in the closet." Hannon leading they walked back to the opening through the partition into 445 and then on toward the elevator. When within three or four feet of it Hannon again spoke to the plaintiff: " Wait a minute, I want to get that harness." So speaking he passed on to the right of the opening. The plaintiff stopped as he had been told to do but almost immediately Hannon, who was still in sight, said to him: "All right, go ahead, I will be there in a minute." The plaintiff knew he was approaching an elevator shaft. He

could distinguish the whitewashed walls inside. He made no particular examination to see if the platform was in place. He assumed that it was. In fact it was not nor was the chain before the opening. He took a step or two forward, looking straight ahead, and fell down the shaft. Under these circumstances the Appellate Division has held that as a matter of law the plaintiff was guilty of contributory negligence. It, therefore, reversed the judgment entered upon the verdict of a jury in favor of the plaintiff and dismissed the complaint. In its order, however, the finding of the jury that the plaintiff in fact was not guilty of contributory negligence was also reversed.

We are of the opinion that the question of contributory negligence may not here be settled as one of law. It is quite true that if the plaintiff on this occasion had simply walked into the shaft without invitation or without excuse, taking no further care than he says he actually did, he would have been negligent. It was dark. He was not familiar with the building. But he did know the shaft was there. He did know he was about to enter it. He never looked to see that the platform was in place. This was, however, not the entire situation. We have often held, in a variety of circumstances, that an implied or express invitation to enter a dangerous place by one who does or should know whether it can be safely done and who has control of it or of the person invited, may excuse the exercise of that degree of care that might otherwise be required. If a reasonably prudent man might rely upon that invitation, it is generally for the jury to say how far his conduct should be affected by it. An assurance to a moving picture actress that she might safely drop from the limb of a tree (*Turner* v. *Crystal Film Co.*, 225 N. Y. 268); an invitation to the driver of a pile driver to advance although motion might bring him into contact with an electric wire (*Chace Trucking Company* v. *Richmond L. & R. R. Co.*, 225 N. Y. 435); the

absence of a flagman at a railroad crossing (*Elias* v. *Lehigh Valley R. R. Co.*, 226 N. Y. 154); the fact that crossing gates were raised (*Scaggs* v. *Prest., etc., D. & H. C. Co.*, 145 N. Y. 201); the fact that the doors of a passenger elevator stood open (*Sackheim* v. *Pigueron*, 215 N. Y. 62, 69), or were opened by an attendant (*Tousey* v. *Roberts*, 114 N. Y. 312), these things have all been thought important, not as excusing the exercise of all care but as affecting the amount of care which should, as a matter of law, be exercised.

The case before us comes within this principle. Hannon was leading the plaintiff to this elevator so that they might take it to the second floor. He was familiar with the situation. He stopped the plaintiff three or four feet from the opening. Then he sent him forward. Considering the situation it might be said that this was to bid him to enter the shaft. Obeying the instructions the plaintiff took one or two steps at most. He found no guard or chain. If the platform was not in place the city ordinance required their presence. Upon compliance with this ordinance the plaintiff might rely. (*Provoost* v. *Internat. Ry. Co.*, 151 App. Div. 240; affd., 208 N. Y. 611.) Under all these circumstances it was for the jury and not for the court to say whether further care was required.

The judgment of the Appellate Division should be modified so as to reverse the judgment of Trial Term and grant a new trial and as so modified affirmed, with costs to abide the event.

HISCOCK, Ch. J., CHASE, CARDOZO, POUND, McLAUGHLIN and CRANE, JJ., concur.

Judgment accordingly.