ABBY HYDE and Another, Plaintiffs, *v.* MAISON HORTENSE, INC., and Another, Defendants.

Supreme Court, New York County, June 26, 1928.

Negligence — injuries to persons — plaintiff was in defendants' store purchasing merchandise and asked proprietor to be directed to ladies' room — plaintiff proceeded as directed, but on opening door found it to be dark, and in attempt to turn on light pitched forward into elevator shaft and was injured — owner and tenant of premises were required to have sign on door indicating it led to elevator shaft and to have door locked, under Industrial Code, rules 407, 420(h), 420(i), 422(f), 422(i) — defendants liable for negligence — plaintiff is not guilty of contributory negligence — defendant owner is liable, under Labor Law, § 255.

In this action to recover for personal injuries, it appears that plaintiff visited defendants' store to purchase merchandise, and while there asked the proprietor to be directed to the ladies' room. She proceeded as directed, but on opening the door found it to be dark within, and in attempting to turn on a light she pitched forward into an elevator shaft and suffered the injuries of which she complains.

The owner and the tenant of the premises were required by rules 407, 420(h), 420(i), 422(f) 422(i) of the Industrial Code, to have a sign on the door indicating that it led to the elevator shaft and to have the door locked, but independent of any provision of the Labor Law, the failure to have a sign on the door opening into a shaft of this character, or to have the door locked, was negligence.

Plaintiff did everything in her power to guard against any accident, under the circumstances, and cannot be held to have been guilty of contributory negligence.

Moreover, defendant owner was negligent on the ground that it violated section 255 of the Labor Law, in failing to maintain the shaft in its building so as to be safe for all persons, thereby causing the accident.

ACTION for personal injuries.

*Harold L. Kunstler* [*Moses Feltenstein* of counsel], for the plaintiff.

*B. J. Vincent* [*B. J. Vincent* of counsel], for the defendant Maison Hortense, Inc.

*James J. Mahoney* [*R. B. Livingston* of counsel], for the defendant Edna Turpin.

COTILLO, J. The plaintiff Abby Hyde is suing for damages for personal injuries and the plaintiff George Hyde is suing for what is termed loss of service of his wife Abby Hyde. The defendant Maison Hortense, Inc., was the owner of premises 24 West Fifty-sixth street, New York city, and the defendant Edna Turpin was the lessee of the stoop floor of 24 West Fifty-sixth street, where she was engaged in manufacturing and selling dresses. The building was a factory building.

Supreme Court, June, 1928.      [Vol. 132

The plaintiff Abby Hyde claims that on the 5th day of October, 1925, she visited the establishment of Edna Turpin for the purpose of selecting and buying a dress. After being kept waiting for some time she asked the defendant Turpin to direct her to the ladies' room. She was told that it was the first door to the right. She proceeded to that door, opened it and found it to be dark. Believing that there was a light at hand she stopped, reached her hand within and pitched forward into an elevator shaft; that the door she opened was not only the one she was directed to open, but it was also similar to the other doors on that floor with nothing to indicate that it was not a toilet room but an elevator shaft.

There is no dispute but that the plaintiff fell into an elevator shaft which was dark and no dispute concerning the injuries. The proximate causes of this accident were two. One was the violation by the defendant Maison Hortense, Inc., of the duty imposed upon it by section 255 of the Labor Law, namely, safely to maintain the elevator shaft in question, etc.; the other was the violation of her duty by the defendant Turpin in negligently directing another person to an area of danger. If the shaft had not been unlocked and, therefore, unguarded, the plaintiff could not have opened the door she fell in. If, on the other hand, the plaintiff had been properly directed by this defendant to the ladies' room the plaintiff would not have attempted to open the elevator door in question. Therefore, by reason of the combination of both elements as above stated, she was injured.

Sections 27, 28 and 29 of the Labor Law, re-enacting substantially the provisions contained in former sections 51-a and 52, vest in the Industrial Board the right to make rules and regulations with respect to factories which shall have in substance the same effect in law as provisions of the Labor Law. At one time the duty of making rules was divided, at least as to the city of New York, between the Industrial Board and the board of standards and appeals. By appropriate legislation the entire duty with respect to factories was transferred to the Industrial Board and by the same provisions the previous rules of the building department were continued except as they should thereafter be amended or supplemented by rules of the Industrial Board.

There had been a rule of the building department in effect for many years set forth in rule 13, which apparently only required doors opening into elevator hoistways where they were manually operated to be locked when there were passenger elevators, leaving no requirement that such doors should be locked where it was a freight elevator shaft. In March, 1923, however, pursuant to the powers vested in it, an industrial code was enacted by the

Industrial Commission, which provided specifically as to hoistways by rule 407;

" Manually operated doors or gates of freight elevator hoistways, except those provided with interlocks, electric contacts or other approved devices performing similar functions, shall be provided with a sign posted conspicuously on the landing side of the doors or gates — ' ELEVATOR — KEEP THIS SHUT.' "

It was, therefore, the duty at the time of the accident for the owner and tenant of the building to have a sign upon the door indicating that the door in question led into an elevator shaft.

Furthermore, by application of either rule 420 or rule 422, the application of one or the other rule depending upon when the building was constructed — prior or subsequent to 1913 — the rule as to this particular matter being the same in either event, it is stated:

Rule 420 (h). Rule 422 (f): " All manually operated and self-closing hoistway doors shall be locked or latched when the car is not at the landing."

Rule 420 (i). Rule 422 (i): " Hoistway doors or gates shall not be openable from the floor side except by the use of a key."

Without regard to when the building was constructed, the rules are of the same character and the liability of both defendants is fixed by the failure to comply with the provisions of the law.

Independent of any provisions of the Labor Law, failure to have a sign on a door opening into a shaft of this character or to have the door unlocked would seem clearly to be negligence at common law under the case of *Camp* v. *Wood* (76 N. Y. 92).

Both defendants stress in their brief the question of contributory negligence. From a careful examination of the record it is my opinion that the plaintiff did everything in her power to guard against any accident under the circumstances. There was sufficient light in the hall. She had been directed to the first door to the right in the hall in question. She opened the first door to the right and saw darkness ahead of her. She did not immediately step into the darkened space, but stopped and put her hand out to reach for the light. What more could she have done? She had been told that this was the ladies' room that she was seeking. She was unfamiliar with the building. She was an invitee, and in reliance upon the direction of the defendant Turpin to go to the first door to the right she went there and fell in the unguarded shaft, which caused her the injuries she sustained. Without differentiating further between the numerous cases cited on contributory negligence, I find the plaintiff Abby Hyde free of con-

tributory negligence. I find that the defendant Maison Hortense, Inc., was negligent upon the ground that it violated section 255 of the Labor Law in failing to maintain the shaft in its building so as to be safe for all persons, thereby causing the accident to occur. I find the defendant Edna Turpin negligent in that she violated her duty to the plaintiff Abby Hyde in giving her erroneous instructions concerning the location of the ladies' room and in directing her, who was unfamiliar with the premises, to a place that was dangerous.

I direct a judgment for the plaintiff Abby Hyde in the amount of $7,000 and in favor of the plaintiff George Hyde in the amount of $2,000 against both defendants. Thirty days' stay and sixty days to make a case.