BRUSSEAU *v.* SELMO.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

One going about in public places or semi-public places when possessed of his natural faculties may not escape being charged with negligence if he is heedless of his own safety, and if he fails to use the care that an ordinarily careful person would have used in like surroundings, and in consequence sustains injury, he must bear his own misfortune.

2. SAME—BUSINESS HOST'S DUTY TO INVITEES.

The duty of owner of a business to keep his premises in a reasonably safe condition and warn invitees of latent or concealed perils does not entitle invitees to act heedlessly in total disregard of their own safety.

3. SAME — RESTAURANTS — DARK STAIRWAY — CONTRIBUTORY NEGLIGENCE.

Plaintiff, a guest at defendant's restaurant late at night, who was directed to basement door in his quest for a toilet *held,* guilty of contributory negligence as a matter of law in action to recover for injures sustained when he fell near bottom of stairway where he had neither left entrance door wide open so as to admit light nor procured more light by turning on switch above the handrail at the head of the stairs.

CHANDLER and MCALLISTER, JJ., dissenting.

Appeal from Iron; Bell (Frank A.), J. Submitted April 7, 1938. (Docket No. 51, Calendar No. 39,962.) Decided October 5, 1938.

Case by Emil Brusseau against Domenic Selmo for personal injuries sustained when he fell while descending a stairway in defendant's place of busi-

ness. Verdict and judgment for plaintiff. Defendant appeals. Reversed.

*C. D. Dwyer,* for plaintiff.

*Fred F. Murphy,* for defendant.

Sharpe, J. I am not in accord with the views of Mr. Justice McAllister. Additional facts show that plaintiff visited defendant's place of business about a quarter after eleven on the evening in question and after making inquiries of the waitress, was directed to the door leading down to the toilet in the basement. As he opened the door to go down into the basement, the light from the store was sufficient to see the railing and the electric light switch which was on the same wall as the railing and two feet above. Before proceeding down stairs, plaintiff partly closed the door, leaving only sufficient light to show the railing. As he proceeded he could see a dim light at a distance from the bottom of the stairs. The stairway was not lighted owing to plaintiff's failure to turn on the electric light and partly closing the door.

The general rule relating to the duty of persons proceeding down stairs in public or semi-public places is well stated in *Blankertz* v. *Mack & Co.,* 263 Mich. 527, 533, where we said:

"This court is definitely committed to the holding that one going about in public places or semi-public places when possessed of his natural faculties may not escape being charged with negligence if he is heedless of his own safety. If he fails to use the care that an ordinarily careful person would have used in like surroundings, and in consequence sustains injury, he must bear his own misfortune."

In *Hudson* v. *Church of the Holy Trinity*, 250 N. Y. 513 (166 N. E. 306), plaintiff went to the premises of defendant to transact some business and while there made inquiry as to the location of the toilet and was told to go down stairs. She testified, ''I went down and everything was in perfect darkness. I did not open the door but I pushed it and I went in and went down.'' She felt her way through the darkness to the end of the hall, pushed open the cellar door and fell down stairs. The court said:

''Plaintiff's duty in the circumstances was to look out for herself and not feel her way where it was 'so black and dark that she could not see anything.' She should have refrained from proceeding down the unlighted hallway in unfamiliar surroundings without finding out where she might safely go. She elected to feel her way along in the darkness. She was guilty of contributory negligence as a matter of law.''

In *Hammer* v. *Liberty Baking Co.*, 220 Iowa, 229, 236 (260 N. W. 720), the court said:

''While it is true, as we have assumed, that the plaintiff was an invitee upon the premises of the defendant and this imposed upon the defendant the duty to keep its premises in a reasonably safe condition and to warn plaintiff of latent or concealed perils, yet that relation did not entitle the plaintiff to act heedlessly in total disregard of his own safety. His duty in the circumstances was to look out for himself and for his own safety. When he opened the door to the elevator shaft he was met with absolute darkness. He says he could not see anything. In addition to this he was met with the gate or wicket barring his progress. There was no emergency or occasion for haste, and apparently without thought or hesitation, investigation or knowledge of what was concealed by the darkness,

and with no thought or consideration as to the purpose of the gate or barrier, he deliberately stepped into the darkness and fell to the bottom of the shaft. The darkness alone should have been a natural warning to him, and in addition to this he met the obstruction or gate barring his further progress. * * * The existence of the total darkness and of the gate or barrier should have warned him to proceed no further without investigating what was beyond. He did not even try to discover what was beyond the elevator door and gate. If he was unable to see, such inability imposed upon him the duty to exercise the greatest care and refrain from proceeding further without finding out if he could safely do so.

"The plaintiff was clearly guilty of contributory negligence in failing to use that prudence and ordinary care which was incumbent upon him under the circumstances confronting him."

See, also, *Du Rocher* v. *Teutonia Motor Car Co.,* 188 Wis. 208 (205 N. W. 921, 42 A. L. R. 1094); *McVeagh* v. *Bass,* 110 Pa. Super. 379 (168 Atl. 777, 171 Atl. 486); *Kurre* v. *Graham Ship By Truck Co.,* 136 Kan. 356 (15 Pac. [2d] 463); *Benton* v. *Watson,* 231 Mass. 582 (121 N. E. 399).

In the case at bar, plaintiff had notice of the darkened hallway. He could have had more light either by turning on the "switch" or leaving the entrance door wide open, or by both. His failure to make use of appliances that would have lighted the stairway precludes his recovery.

The judgment is reversed, with costs to defendant.

Wiest, C. J., and Bushnell, Potter, and North, JJ., concurred with Sharpe, J.

McAllister, J. (*dissenting*). On August 26, 1936, plaintiff while a guest in defendant's restaurant

asked one of defendant's employees directions to go to the toilet. The employee pointed to a certain door, which plaintiff opened and saw that it was a stairway leading to the basement. He left the door slightly open and saw from the light of the restaurant that there was a handrailing to his left. He started down the stairway and when he was three steps from the basement floor, fell and suffered injuries for which he brings this suit.

At the top of the stairs, about 10 inches inside the stairway door, there was located a light switch which controlled a light in the basement ceiling at the foot of the stairs. From this point, there was a passageway about 17 feet distant to the toilet. Over this toilet there was a light. At the time of the accident the light over the toilet was burning, but the light at the foot of the stairs was unlighted.

After plaintiff opened the door to descend to the basement, he took hold of the handrail at the left. The light through the partially opened door showed down the stairway, but plaintiff could not see the bottom of the steps. As he descended he could see a faint light coming from the light above the toilet at the end of the passageway in the basement. When he was three steps from the basement floor, his hand, which he was sliding along the handrail, came into contact with an upright two by four, against which the handrail was nailed. Thinking that this was the end of the railing and the bottom of the stairway, he stepped out onto what he thought was the basement floor, instead, he fell causing injuries for which he seeks to recover.

Defendant moved for a directed verdict on the ground of plaintiff's contributory negligence, which was denied by the court and plaintiff had verdict and judgment. On appeal, defendant relies on the

ground of plaintiff's contributory negligence as a defense to recovery.

It is claimed by defendant that when plaintiff opened the stairway door and saw that the passageway below was dark, he was guilty of negligence in not asking for a light and that he was also negligent in not making sufficient observation at the top of the stairs to look for the light switch. However, from the light of the restaurant, he could see the stairway and the handrailing. He relied upon the handrailing in going down the stairs and the accident occurred because his hand came in contact with the two by four which was nailed to the railing and which prevented his hand from sliding along and giving him support, as well as guiding him to the end of the stairway.

The mere use of a dark stairway is not negligence *per se,* in the absence of facts affirmatively showing carelessness on the part of the injured person. In *Ritter* v. *Norman,* 71 Wash. 563 (129 Pac. 103, 43 L. R. A. [N. S.] 657), the court had occasion to pass upon the question of the negligence of a person using a dark stairway in a hotel and in the course of its opinion said:

"It is the contention of appellant that respondent was guilty of contributory negligence, or rather, having notice and knowledge of the darkened stairway, assumed the risk and therefore cannot recover. * * * A guest in a hotel has a right to depend upon a stairway, and the fact that it is open and stands as an invitation at all times, and especially when the elevator, if there is one, is out of use, puts a burden upon the proprietor to put the means he has provided for the safety of his guests into operation. Nor can he complain and charge a guest with contributory negligence or assumption of risk merely

because the necessities of his comings and goings drive him to the use of the stairway, unless, indeed, we are prepared to say that the mere use of a darkened way is negligence *per se.* Obviously it cannot be so held, in the absence of facts affirmatively showing carelessness on the part of the injured person. There is such a thing as reasonable care in the use of dark stairways.

"The cases cited by appellant are to be distinguished. In all of them the accident would have happened to any person acting in the same way. The doorway or shaft, or whatever the offending instrumentality was, was not intended for the use of the party injured. Here it was so intended, and the guests of the appellant were putting the stairway to constant use. If, in that use, someone was injured, and the jury can say, as it has said, that the failure to provide a light was the proximate cause of the injury, the courts cannot interfere. Respondent did only what she and others were invited to do — we might say, compelled to do—while the elevator was out of repair, and she was not bound to remain in her room indefinitely waiting for the elevator.

"In *Marwedel* v. *Cook,* 154 Mass. 235 (28 N. E. 140), which is a case very similar to the one at bar, a recovery was sustained. Meeting the defense here interposed, the court said:

" 'The defendants contended that, if the use of the stairs was dangerous on account of the darkness, the plaintiff was not in the exercise of due care in using them. We think that, under the circumstances, this would not necessarily prevent the jury from finding that the plaintiff was in the exercise of due care. She went up in the elevator to the office on the fifth floor, where she had business, and, when she had finished her business, there was no way of going down except by the stairs * * * It cannot be said, as matter of law, that she was negligent in not going back for assistance when it became dark. That fact called for greater care, and she testified in regard to the care she used. We think it was for the jury to say whether she was negligent in going on under the circumstances, exercising the degree of care in doing so which they may have found upon the evidence that she did exercise.' "

In 45 C. J. pp. 946, 947, it is said:

"A person is not required to regulate his conduct with reference to facts of which he is justifiably ignorant. In order that one may be guilty of contributory negligence it is essential that he act or fail to act with knowledge and appreciation, actual or imputed, of the danger of injury which his conduct involves. It is not necessary, however, that the precise nature of the danger be appreciated, or that the precise result that naturally followed be anticipated. Knowledge or appreciation of the fact that some injury was not unlikely to follow is sufficient."

There was testimony that the handrailing was not properly installed. The railing itself ended two steps from the basement floor. Under the circumstances, it would have been as likely to cause injury to plaintiff even if his hand had not been prevented from sliding along the railing. In such a case if plaintiff had relied upon the rail for guidance and support, he would probably have fallen in the same way. A witness of 20 years' experience as carpenter testified that the rail was not properly installed but should have been hung on brackets so that one might be able to slide his hand on the rail from the head of the stairs to the end at the bottom of the last step.

In *Lawrence* v. *Bartling & Dull Co.*, 255 Mich. 580, this court said:

"The general rule is that every person has a right to presume every other person will perform his duty and obey the law, and, in the absence of reasonable ground to think otherwise, it is not negligence to assume he is not exposed to danger which can come to him only from violation of law or duty to such other person."

See, also, *Grant* v. *Richardson*, 276 Mich. 151.

The question of defendant's negligence in maintaining a defective handrail on this stairway was for the jury. Under the circumstances of this case, it cannot be said as a matter of law that plaintiff was negligent in failing to ask for more light, or in failing to make observations to find the light switch before he descended the stairs. Under the facts as shown by the record, these were questions of fact and were properly submitted to the jury.

Judgment should be affirmed, with costs to plaintiff.

CHANDLER, J., concurred with McALLISTER, J. BUTZEL, J., took no part in this decision.