CORFELD *v*. DOUGLAS HOUGHTON HOTEL COMPANY.

1. TRIAL—MOTION FOR DIRECTED VERDICT—PLEADING—OPENING STATEMENT—TIME—CONTRIBUTORY NEGLIGENCE.

Motion for directed verdict in personal injury case, made at close of plaintiff's opening statement, on ground that the declaration failed to allege plaintiff's freedom from contributory negligence and that plaintiff's attorney failed to say that plaintiff would prove her freedom therefrom was properly denied where motion, the first attack on the declaration, was made five months after the declaration was filed and opening statement alleged facts which, if proved, would present a jury question as to plaintiff's contributory negligence (Court Rule No. 27, § 6 [1945]).

2. INNKEEPERS—CONDITION OF PREMISES.

Hotel premises must be maintained in a reasonably safe condition for the use of guests.

3. SAME—KNOWLEDGE OF DANGEROUS CONDITION OF PREMISES.

In woman's action for injuries received when she fell in unlighted washroom in defendant's hotel, evidence *held*, sufficient to support jury's verdict that defendant or one of its responsible employees had knowledge of the unlighted condition of the room in sufficient time to have corrected it before plaintiff was injured.

REFERENCES FOR POINTS IN HEADNOTES

[2] 28 Am. Jur., Innkeepers, § 56.
[2] Liability of innkeeper for injury by object thrown or falling from room occupied by guest. 42 A.L.R. 1088.
[3] 38 Am. Jur., Negligence, § 97.
[4] 38 Am. Jur., Negligence, § 184.
[4–6] Entering dark place on unfamiliar premises as contributory negligence. 163 A L.R. 587.
[5, 6] 38 Am. Jur., Negligence, § 348.
[8–10, 13–15] 53 Am. Jur., Trial, § 1070.
[11, 12] 53 Am. Jur., Trial, § 1071.
[17] 15 Am. Jur., Damages, §§ 205, 206.
[18] 14 Am. Jur., Costs, § 92.

4. SAME—CONTRIBUTORY NEGLIGENCE—UNLIGHTED WASHROOM.

Where defendant hotel's patron, the plaintiff, in quest of toilet facilities afforded the patrons, was directed to an unlighted room whose light switch was behind clerk's desk, and injured when she fell down steps between lavatory and toilet, plaintiff was not guilty of contributory negligence since its unlighted condition was in no wise due to any negligence on her part and this part of the premises was not familiar to her.

5. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY—SEARCH FOR LIGHT SWITCH IN UNLIGHTED ROOM.

Whether or not plaintiff, a hotel guest in quest of toilet facilities, who had been directed to an unlighted room, while searching for light switch around lavatory stepped a foot to the left thereof and fell, took such care for her own safety as an ordinarily careful and prudent person would have done under like circumstances *held*, a question for jury.

6. SAME—ENTRY OF GUEST INTO UNLIGHTED ROOM—CONTRIBUTORY NEGLIGENCE.

The mere fact that a hotel guest walks into a dark room upon direction thereto, does not, in and of itself, render the guest guilty of contributory negligence as a matter of law.

7. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SPECIAL QUESTIONS.

No consideration is given to court's refusal to submit one of five special questions to jury in personal injury case where defendant concedes the question was objectionable.

8. TRIAL—MULTIPLE SPECIAL QUESTIONS.

Double or triple questions are improper as special questions to the jury (3 Comp. Laws 1929, § 14290).

9. SAME—SPECIAL QUESTIONS—CONTRIBUTORY NEGLIGENCE OF HOTEL GUEST—DOUBLE QUESTION.

Trial court properly refused to present special question to jury in hotel guest's action for personal injuries received when she fell down a flight of steps in unlighted ladies toilet where the question first called for finding as to whether the room was so dark that she could not see where she was walking and second, if so, whether that occasioned her fall, since it was a double question (3 Comp. Laws 1929, § 14290).

10. SAME—SPECIAL QUESTIONS—NEGLIGENCE OF INNKEEPER—TRIPLE QUESTIONS.

Trial court properly refused to present special question to jury in hotel guest's action for personal injuries received when she

fell down a flight of steps in unlighted ladies toilet where the
question first, called for finding as to whether defendant knew
light was out; second, whether defendant should have known
it; and third, whether defendant failed to do anything about
it, since it was a triple question (3 Comp. Laws 1929, § 14290).

11. SAME—SPECIAL QUESTION NOT CALLING FOR CONTROLLING AN-
SWER.

A special question that does not call for a controlling answer is
an improper question to submit to a jury (3 Comp. Laws 1929,
§ 14290).

12. SAME—SPECIAL QUESTIONS—CONTRIBUTORY NEGLIGENCE OF HOTEL
GUEST.

Fact that hotel guest in quest of toilet facilities could have gone
to her room instead of using unlighted room to which she had
been directed by hotel clerk would not make her guilty of con-
tributory negligence as a matter of law where she did not know
of the existence of the dangerous condition in such room and
had a right to rely on the assumption that the place would be
reasonably safe, hence special question as to whether plaintiff
chose the place to which she had been directed as a
matter of convenience would not be controlling of a general
verdict and was properly refused (3 Comp. Laws 1929,
§ 14290).

13. SAME—SPECIAL QUESTIONS—ARGUMENTATIVENESS.

A special question that is argumentative is an improper question
to submit to a jury (3 Comp. Laws 1929, § 14290).

14. SAME—SPECIAL QUESTIONS—EVIDENCE.

Submission to jury of special question as to whether plaintiff
hotel guest in entering a dark room to which hotel clerk had di-
rected her in her quest for toilet facilities rather than return-
ing to desk was acting with the care an ordinarily careful per-
son would have used in like circumstances was properly refused
since it was a question involving matter upon which there were,
and could be, no proofs in the record (3 Comp. Laws 1929,
§ 14290).

15. SAME—SPECIAL QUESTIONS—EVIDENCE.

Special questions of fact to a jury, as contemplated by statute
permitting their submission, are to be answered by the jury on
the basis of the proofs in the case (3 Comp. Laws 1929,
§ 14290).

16. SAME—SPECIAL QUESTIONS—ARGUMENT OF COUNSEL—PREJUDICE.
Where none of the five special questions which defendant hotel
company sought to have put to the jury was a proper question,

no prejudice resulted from court's refusal after arguments of counsel rather than before, as provided by court rule (Court Rule No. 37, § 6 [1945]).

17. DAMAGES—AD DAMNUM CLAUSE—BILL OF PARTICULARS—EVIDENCE.

Where *ad damnum* clause of declaration demanded judgment for $5,000 but proofs supported items of bill of particulars totalling only $2,500, jury's verdict of $5,000 was excessive by $2,500.

18. COSTS—REMITTITUR—NEW TRIAL.

Costs are awarded defendant-appellant in personal injury case where judgment of $5,000 is affirmed on appeal on the condition that plaintiff file remittitur of $2,500 or submit to new trial.

Appeal from Houghton; Brennan (Leo J.), J. Submitted January 11, 1949. (Docket No. 79, Calendar No. 44,223.) Decided April 11, 1949.

Case by Myrtle Corfeld against Douglas Houghton Hotel Company, a corporation, for personal injuries sustained when she fell in an unlighted room. Verdict and judgment for plaintiff. Defendant appeals. Affirmed if remittitur is filed, otherwise reversed and case remanded for new trial.

*Brennan & Brennan* (*Joseph M. Donnelly,* of counsel), for plaintiff.

*Messner & LaBine,* for defendant.

DETHMERS, J. Plaintiff was a guest in defendant's hotel. In the evening, while seated in the lobby with her husband, she desired to go to a toilet and started for their room. Her husband inquired of the hotel clerk whether there was a ladies' toilet on the lobby floor. Plaintiff saw the clerk, in response to her husband's inquiry, point to the ladies lounge just off the

lobby, the entrance to which was covered with drapes. She pushed the drapes open and walked into the lounge, which was not lighted at the time. Light shining in from the lobby enabled her to distinguish a door bearing a plate inscribed "Ladies." This door she pulled open and entered a room which was dark. Holding the doorknob with one hand, with the other she felt along the side of the door for a light switch but found none. She walked forward a step and touched a washbowl. She felt over it for a light or switch and again found none. She then turned to her left and, as she testified, "naturally I thought there was a toilet right next to the bowl, as there always is and I reached around for the light there," whereupon she fell down three steps, the first of which was about 1 foot removed from the washbowl. These steps, which plaintiff did not know were there, led to a toilet located a few feet beyond. The light in this washroom, controlled by a switch behind the clerk's desk, was kept on day and night, but apparently had burned out, leaving the room "absolutely dark." Plaintiff testified that after she had fallen some men assisted her; that one of them asked why the light was out and another one of them answered that he had known that it was out, but that he had been too busy to take care of it,—that he had not had a chance to fix it because he was doing somebody else's work; that she thought this answer had been made by the clerk, although she was not positive, but that she was certain that the person making it was a hotel employee because he indicated his responsibility for the lights by saying, "the reason that I haven't taken care of the lights is because I have had so much other work for others." As a result of the fall plaintiff injured her back and legs, the latter being permanently disfigured by scars and causing her pain ever since the accident. A doctor testified that the pain will probably continue but modify itself,

that the scars are permanent and that there is a probability that ulcers might develop later on the scarred areas. The jury returned a verdict for $5,000 and from judgment entered thereon defendant appeals.

At the conclusion of plaintiff's opening statement defendant moved for a directed verdict on the grounds that plaintiff's declaration fails to allege that she was free from contributory negligence and that plaintiff's attorney failed, in his opening statement, to say that plaintiff would prove her freedom therefrom. The motion was properly denied. The declaration was filed September 5, 1947. Defendant's answer, amounting to a general denial, was filed September 20. The case came on for trial on February 4, 1948. Until then defendant had made no attack on plaintiff's declaration. Michigan Court Rule No. 27, § 6 (1945), provides that a motion attacking a pleading must be filed within 15 days after receipt of the pleading attacked. Plaintiff's opening statement alleged facts of a character which, if proved, would present a jury question as to plaintiff's contributory negligence.

Defendant concedes that it owed plaintiff the duty to maintain the hotel premises in a reasonably safe condition for her use. Defendant states that the unlighted condition of the room in question is the only ground for negligence shown in the record. Defendant contends that the law does not require it to be an insurer of its patrons' safety or to keep its premises in perfect condition or to warrant against accidents and injuries, citing *Filipowicz* v. *S. S. Kresge Co.*, 281 Mich. 90, and *Shorkey* v. *Great Atlantic & Pacific Tea Co.*, 259 Mich. 450; that to prove breach of duty by defendant plaintiff must show that defendant knew or should have known of the unlighted condition of the room, citing *Oppenheim* v. *Pitcairn*, 293 Mich. 475. Defendant says that there

were not sufficient proofs to go to the jury on the question of defendant's knowledge of the unlighted condition.  We think plaintiff's testimony, noted above, concerning the conversation between persons assisting her after her injury would, if believed by the jury, warrant its conclusion that defendant or one of its responsible employees had knowledge of the unlighted condition of the room in sufficient time to have corrected it before plaintiff was injured, and that a determination by the jury to that effect would not be contrary to the great weight of the evidence.

It is defendant's contention that plaintiff was guilty of contributory negligence as a matter of law, entitling defendant to a directed verdict or a judgment *non obstante veredicto,* both of which the trial court denied.  In this connection defendant's chief reliance is placed on *Brusseau* v. *Selmo,* 286 Mich. 171.  Our opinion in that case is summarized in syllabus No. 3, as follows:

"Plaintiff, a guest at defendant's restaurant late at night, who was directed to basement door in his quest for a toilet *held,* guilty of contributory negligence as a matter of law in action to recover for injuries sustained when he fell near bottom of stairway where he had neither left entrance door wide open so as to admit light nor procured more light by turning on switch above the handrail at the head of the stairs."

The majority of the court, speaking of the plaintiff in that case, said, "His failure to make use of appliances that would have lighted the stairway precludes his recovery."  In the instant case plaintiff testified that she felt for a light switch immediately upon entering the room and fell while attempting to find it.  The switch was behind the clerk's desk in the lobby and the light bulb was burned out.  The room's unlighted condition was in no wise due to

plaintiff's negligence as in the *Brusseau Case.* Defendant also cites *Bedell* v. *Berkey,* 76 Mich. 435 (15 Am. St. Rep. 370); *Steger* v. *Immen,* 157 Mich. 494 (24 L.R.A.[N.S.] 246); *Elliott* v. *Dahl,* 299 Mich. 380. Applicable to the plaintiff in each of these 3 cases is what this Court said of the plaintiff in the *Bedell Case,* as follows:

"All *persons who stray about other people's premises at their own will* must look out for their own safety in such places.        *        *        *

"No one has any right to endanger himself, or to disturb other people's arrangements, by moving round in the dark—if it is dark—in a strange room, into which he has entered *of his own accord and without direction.*"

Such was not plaintiff's situation in the instant case. She was defendant's patron, seeking to avail herself of facilities provided by defendant for its patrons, and was directed thereto by defendant. Also cited by defendant are *Rice* v. *Goodspeed Real Estate Co.,* 254 Mich. 49, and *Blankertz* v. *Mack & Co.,* 263 Mich. 527. The plaintiffs in these 2 cases were familiar with the premises and aware of the existence and location of the elevator shafts, to which they had not been directed by the defendants, but into which they fell without making proper observations. The 2 cases are therein readily distinguishable from the case at bar.

Plaintiff was in a place with which she was not familiar, where she had not been before, but where she had a right to be and to which she had been directed by defendant. She was not bound to anticipate that there might be a flight of stairs between the washbowl and the toilet. The unlighted condition of the room was due to no negligence on her part. Her testimony refutes any idea that she was proceeding in the dark heedlessly, without taking pre-

cautions for her own safety, and is, in fact, that upon entering the room she felt next to the door for a switch, then took a forward step and encountered the washbowl, felt over it for a switch or light and then, while feeling for a light to the left of the washbowl, stepped about one foot to the left thereof, whereupon she fell. Whether, in so doing, plaintiff was taking such care for her own safety as an ordinarily careful and prudent person would have done under like circumstances was a question for the jury to determine. See *Tetrault* v. *Ghibellini*, 316 Mass. 477 (55 N.E.[2d] 956); *Hyde* v. *Maison Hortense, Inc.*, 132 Misc. 399 (229 N.Y. Supp. 666); *Christensen* v. *Hannon*, 230 N.Y. 205 (129 N.E. 655), and *McRickerd* v. *Flint*, 114 N.Y. 222 (21 N.E. 153), in which cases the facts are somewhat different than here, but in each of which it was held that the mere entering into or walking in a dark room upon direction thereto by defendant does not, in and of itself, render plaintiff guilty of contributory negligence as a matter of law. With this our holding in *Brusseau* v. *Selmo, supra,* is not inconsistent.

Defendant also assigns as error the court's refusal to submit to the jury 5 special questions proposed by defendant. Inasmuch as defendant, in its brief, concedes that the third question was objectionable we do not consider it. The other questions read as follows:

"Question 1. Did Mrs. Corfeld, the plaintiff, fall because it was so dark in the rest room and toilet room that she could not see where she was walking?.

"Question 2. Have the plaintiffs established by a preponderance or greater weight of the evidence that the defendant, Douglas Houghton Hotel Company, had notice or knowledge of this darkened condition or should have known of such condition and failed to do anything about it? * * *

"Question 4. Do you find from the evidence that Mrs. Corfeld, when she saw the darkened ladies' room, entered that room for the sake of convenience rather than go to her hotel room as she originally intended?

"Question 5. Do you find from the evidence that the plaintiff, in entering a semidark anteroom and opening a door and entering an unfamiliar dark room rather than going to the hotel desk some 14 feet away and reporting the darkened condition, was acting with the care an ordinarily careful person would have used in like circumstances?"

Question 1 calls for a finding, first, as to whether the room was so dark that plaintiff could not see where she was walking and, second, if so, whether that occasioned her fall. Question 2 requires a determination of, first, whether defendant knew the light was out; second, whether it should have known; third, whether defendant had failed to do anything about it. Double or triple questions are improper and not entitled to be submitted to the jury. *In re Foerster's Estate,* 177 Mich. 574; *Murphy* v. *Manistee Railway Co.,* 194 Mich. 595. Question 4 is improper because it does not call for a controlling answer. *Schuetz* v. *Van Orman,* 184 Mich. 478; *Neeley* v. *Stratton,* 185 Mich. 409. Relying on *Rohlfs* v. *Township of Fairgrove,* 174 Mich. 555, and *Burchard* v. *Otis Elevator Co.,* 261 Mich. 142, which hold a plaintiff guilty of contributory negligence who is injured by reason of having adopted the more dangerous of 2 known ways of doing a particular thing, defendant seems to labor under the illusion that if plaintiff could have gone to a lighted toilet room somewhere else in the hotel that very fact would render her guilty of contributory negligence as a matter of law in going to the unlighted one, despite the fact that the unlighted room was provided for use of patrons and defendant directed plaintiff to it.

In the cited cases the plaintiffs made a choice and proceeded heedlessly in the face of known and apparent danger, without direction by defendant. In the case at bar plaintiff went where defendant directed, did not know of the existence of a dangerous condition, and had a right to rely on the assumption that the place to which defendant directed her would be reasonably safe for her use. Consequently, the cited cases have no application here and, therefore, neither a "yes" nor a "no" answer to question 4 would be controlling of a general verdict. Question 5 is argumentative in that it seeks not only to elicit an answer as to whether plaintiff was negligent in acting as she did, but also to urge upon the jury defendant's contention that she should have reported at the desk. This was improper. See *Wernette* v. *Bradfield,* 233 Mich. 23. The question required the jury to answer what "care an ordinarily careful person would have used in like circumstances." The statute (3 Comp. Laws 1929, § 14290 * [Stat. Ann. § 27.1019]) contemplates questions of fact which the jury shall answer on the basis of the proofs in the case. Questions which have no evidence to warrant them should not be put to the jury. *Fowler* v. *Hoffman,* 31 Mich. 215. An answer to question 5 would require recourse not only to the testimony as to what plaintiff did or failed to do, but also to the jurors' experience, knowledge and background for an expression of their opinion as to what an ordinarily careful person would have done under like circumstances, concerning which, obviously, there is and could be no proofs in the record. Special questions requiring an expression of the jurors' conclusions thus arrived at are not within the purview of the statute. Question 5 was properly refused.

---

* 4 Comp. Laws 1948, § 618.39.—REPORTER.

Inasmuch as the proposed questions were not entitled to be put to the jury, no prejudice resulted to defendant from the court's so ruling after the arguments of counsel rather than before, as provided by Michigan Court Rule No. 37, § 6 (1945).

The *ad damnum* clause of plaintiff's declaration demands a judgment in the sum of $5,000. The jury returned a verdict for that amount. In response to defendant's timely demand, plaintiff, 5 months before trial, filed a bill of particulars, as follows:

> "Doctor bills, medical supplies, X-
>      rays, hospital ..................... $  100.00
> Dr. Peterson, skin specialist ........      25.00
> Dr. John Dundon ...................      25.00
> Estimated future doctor bills, skin
>      graft, and/or treatment of legs ...  1,000.00
> Pain, suffering, permanent scars on
>      legs ...........................  1,500.00
>                                         ─────────
>      Total ..................... $2,650.00"

No proofs were offered on trial in support of the first 3 items. Plaintiff testified that she suffered damages to her clothing totalling $50, of which no mention is made in the bill of particulars. When the bill of particulars was prepared and filed plaintiff appraised her damages for the last 2 items therein at $2,500. No proofs of other damages were offered nor was it shown that during the 5-month interval between filing the bill of particulars and the date of trial conditions had in any respect worsened with relation to the last 2 items. Our view coincides with plaintiff's, as expressed in her bill of particulars, that $2,500 would amply compensate her for every item of damages stated in her bill of particulars and supported by proofs. The verdict for $5,000 was excessive. If, within 20 days after the filing of this opinion, plaintiff will file a remittitur of $2,500, the

judgment will stand affirmed, otherwise it will be reversed and the case remanded for a new trial. In either event, defendant will have costs of this Court.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.