KUHN *v.* KING.

1. NEGLIGENCE—BURDEN OF PROOF—CONTRIBUTORY NEGLIGENCE.
   Plaintiff in an action for negligence must show that defendant is negligent and that plaintiff is free from contributory negligence.

2. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
   The Supreme Court must take a most favorable view of the testimony for plaintiff, on an appeal from a verdict directed for the defendant, and determine therefrom whether plaintiff has shown sufficient facts to entitle him to submit them to the jury.

3. NEGLIGENCE—CONTRIBUTORY  NEGLIGENCE—DIRECTED  VERDICT—CHANGE OF DIRECTION.
   Change of direction by plaintiff from that pointed out by barmaid, upon inquiry as to location of men's room at saloon, would not constitute contributory negligence as a matter of law where plaintiff fell down basement stairs after passing through door toward general direction of which barmaid had pointed but which was near by door to men's room and neither door was well lighted, if her directions were incorrect or at least ambiguous.

4. SAME—CONTRIBUTORY NEGLIGENCE—MISTAKEN DIRECTION TO MEN'S ROOM AT SALOON.
   Plaintiff was not guilty of contributory negligence as a matter of law in stepping into darkened stairway after passing through door near by door to men's room to which barmaid

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 38 Am Jur, Negligence, §§ 285, 286.
[2] 3 Am Jur, Appeal and Error, § 886.
[3, 4] 38 Am Jur, Negligence, §§ 192, 199.
[3] Liability for injury to person on business premises in consequence of passing through wrong doorway.  20 ALR 1147, 1152, supplemented in 27 ALR 585 and 42 ALR 1100.
[4] Entering dark place on unfamiliar premises as contributory negligence.  163 ALR 587.

had directed him, where, through her negligence he mistook
the basement stairway door for the door to the men's room,
the testimony showing a situation upon which reasonable men
might differ.

Appeal from Wayne; Culehan (Miles N.), J. Submitted January 2, 1951. (Docket No. 21, Calendar
No. 44,921.) Decided March 1, 1951.

Case by Richard Kuhn against Gardner King,
doing business as Club Vogue, for damages sustained
when plaintiff fell down stairway on defendant's
premises. Directed verdict and judgment for defendant. Plaintiff appeals. Reversed and new trial
granted.

_Irving W. Goldsmith_ (_Stewart A. Ricard,_ of counsel), for plaintiff.

_M. F. Wolfgang,_ for defendant.

BUTZEL, J. The plaintiff, Richard Kuhn, worked
at the Lincoln Motor Company in Detroit and lived
in Wayne, Michigan. On September 30, 1948, after
finishing his work for the day, he met one Edwards,
a fellow worker, who offered to drive him to the
Wayne bus line after he made a business call at the
Club Vogue, a saloon in Inkster, Michigan.

The Club Vogue, owned by the defendant, Gardner
King, is situated in a building on the west side of
Middlebelt road. Its overall dimensions are 40 feet
wide and 80 feet deep. The bar is along the north
wall, starting some 15 feet from the east side of the
building. At the rear of the building, in the northwest corner, there is an enclosed stairway with its
door facing east. This stairway leads to the basement, but there was nothing on the door to indicate
that fact. To the south of the stairway door, and
several feet farther back there is another door fac-

ing east opening into the men's room. The photographic exhibit indicates that this door consisted of 2 panels on hinges that could be pushed open and would automatically come together again. Over this door there was a sign with the word "men," but this would not ordinarily be seen by a stranger unless the sign was lighted. In front of the men's room, there is a telephone booth and a cigarette vending machine. Because of these the door to the men's room could not be seen by anyone sitting at the bar although according to the testimony a portion of this door could be seen from other parts of the premises. The room was dark, having no windows and no passage for natural light except through the glass brick front of the building. The only artificial light in the room was a single light behind the bar.

While Edwards was transacting his business with a third person at the extreme east end of the bar, Kuhn sat closer to the center of the bar, waiting for Edwards to finish his business. After about 45 minutes Kuhn wanted to go to the men's room. He had never been in the Club Vogue before and did not know where it was. He looked about and not seeing it from where he sat, asked the barmaid who was working behind the bar. She pointed and said, "Through that open doorway." The only open door that Kuhn could see from his seat was the basement door and he walked to it but because of the darkness could not see inside. He took one step inside while reaching for a light switch and fell down the basement stairs. He broke his leg and suffered other injuries as a result of the fall.

At the conclusion of the plaintiff's case, the trial judge directed a verdict of no cause of action on the ground that plaintiff had been contributorily negligent as a matter of law. The trial judge found that plaintiff was negligent in stepping into a darkened area without proper regard for his own safety, and

in walking to the basement door, which involved a change of path to get around the bar. Plaintiff has appealed.

In an action for negligence the plaintiff has the burden of proof and must show, among other things, that the defendant is negligent and that the plaintiff is free from contributory negligence. As to whether this burden has been met is ordinarily a question of fact for the jury. However, when the plaintiff has failed to sustain this burden under any reasonable view of the facts, the court may direct a verdict of no cause of action or withhold decision under the Empson act* until the trial has been completed. When a verdict is directed and appealed from, this Court must take a most favorable view of the testimony for the plaintiff and determine whether the plaintiff has shown sufficient facts to entitle him to submit them to the jury.

While the plaintiff testified that he went to the door to which the barmaid pointed, the trial court found that the plaintiff was negligent in going to the basement door, as this involved a change in direction. A finding of this sort presupposes that the barmaid pointed correctly, for a change in direction alone could not be contributory negligence as a matter of law if the barmaid's directions were incorrect or at least ambiguous.

In this respect it seems that the trial court did not correctly evaluate the testimony of the plaintiff. The door to the men's room was only a few feet from the basement door. From where the plaintiff sat at the bar the 2 doors were almost 40 feet away and a very accurate indication of direction might reasonably have been misconstrued. The barmaid, knowing that the basement door was usually closed and locked, would have a tendency to be careless since the door

* CL 1948, § 691.691 et seq. (Stat Ann and Stat Ann 1949 Cum Supp § 27.1461 et seq.).—Reporter.

to the men's room was the only other one in the area. Moreover, the plaintiff, from where he was sitting, could not see the door to the men's room as it was hidden by the telephone booth and he could have reasonably interpreted the directions as he did. The testimony concerning the foregoing was not fully corroborated by one of plaintiff's witnesses, but this created a question of credibility for the jury as to the weight that should be given to the testimony. The court was not justified in directing a verdict on these grounds.

The court also found that the plaintiff was negligent as a matter of law in stepping into a darkened area. There are cases which, upon cursory examination, would seem to support this conclusion. However, an analysis of these and other cases does not justify the very high degree of care the court imposed upon the plaintiff in the instant case.

It can be assumed on the record before us that the plaintiff acted reasonably, through the barmaid's negligence, in mistaking the basement door for the door to the men's room. Under such circumstances, the case of *Corfeld* v. *Douglas Houghton Hotel Co.,* 324 Mich 459, is controlling. In that case, we said:

"Plaintiff was in a place with which she was not familiar, where she had not been before, but where she had a right to be and to which she had been directed by defendant. She was not bound to anticipate that there might be a flight of stairs between the washbowl and the toilet. The unlighted condition of the room was due to no negligence on her part. Her testimony refutes any idea that she was proceeding in the dark heedlessly, without taking precautions for her own safety, and is, in fact, that upon entering the room she felt next to the door for a switch, then took a forward step and encountered the washbowl, felt over it for a switch or light and then, while feeling for a light to the left of the

washbowl, stepped about 1 foot to the left thereof, whereupon she fell. Whether, in so doing, plaintiff was taking such care for her own safety as an ordinarily careful and prudent person would have done under like circumstances was a question for the jury to determine. See *Tetrault* v. *Ghibellini*, 316 Mass 477 (55 NE2d 956); *Hyde* v. *Maison Hortense, Inc.*, 132 Misc 399 (229 NYS 666); *Christensen* v. *Hannon*, 230 NY 205 (129 NE 655), and *McRickerd* v. *Flint*, 114 NY 222 (21 NE 153), in which cases the facts are somewhat different than here, but in each of which it was held that the mere entering into or walking in a dark room upon direction thereto by defendant does not, in and of itself, render plaintiff guilty of contributory negligence as a matter of law. With this our holding in *Brusseau* v. *Selmo*, 286 Mich 171, is not inconsistent."

In support of its position, the appellee cites: *Brusseau* v. *Selmo*, 286 Mich 171; *DeGrave* v. *Engle*, 328 Mich 565; *Dahlerup* v. *Grand Trunk Western R. Co.*, 319 Mich 96; *Johnson* v. *City of Pontiac*, 276 Mich 103; *Evans* v. *Orttenburger*, 242 Mich 57, and *Domzalski* v. *Ver Hoven*, 253 Mich 497. We have examined these cases and find nothing in them which causes us to change our opinion as to this relatively simple problem. *Brusseau* v. *Selmo, supra*, perhaps the strongest case cited by the appellee is discussed and distinguished in *Corfeld* v. *Douglas Houghton Hotel Co., supra*. Without any testimony on behalf of the defendant, the record unquestionably shows facts upon which reasonable men might differ, and thus a question for the jury is presented.

The judgment is reversed, with costs to the plaintiff, and the case is remanded for a new trial.

Reid, C. J., and Boyles, North, Dethmers, Carr, Bushnell, and Sharpe, JJ., concurred.